[No. 3,427.]

## McCREARY *v.* CASEY.

Judgment as Bar to an Action.— A judgment rendered in an action where an equitable defense was dismissed without being presented to the Court, is not a bar to a subsequent action, begun in due time, embracing the subject matter of the equitable defense.

APPEAL from the District Court of the Twelfth Judicial District, San Mateo County.

In an action commenced in 1870 the defendant in this case sued the plaintiff in ejectment for the possession of certain land to which he had obtained title by a patent from the United States. The present plaintiff in his answer in that case set up as an equitable defense that in 1862 he and the defendant were in possession of a quarter section of unsurveyed public land; that the land was surveyed by the United States in 1865, and thereupon he and the defendant divided the land between themselves, and agreed to perfect the title under the laws of the State in the name of the defendant (the plaintiff in that case) the expense and the land to be shared equally; but the defendant, in violation of his trust, proceeded to secure title in himself under the United States preëmption laws; he therefore prayed that a decree be issued compelling a conveyance of one half of the land to him on payment of one half the cost of obtaining the title. The cause was heard at the September Term of the District Court, 1870, and the defendant (the plaintiff in this case) not appearing, judgment was rendered against him. Subsequently his counsel filed an affidavit that the case had been continued for two terms as an accommodation to the opposing party, and that having had sole charge of the case and being unable to attend at the September Term, he had obtained such assurances from the counsel for the other side as to induce him to believe that the case would not be brought up. Upon these facts he moved that his client be relieved from the judgment on the ground that it was obtained through inadvertence, surprise, and excusable neglect. The motion was denied. In March, 1871, this action was commenced to stay the writ of restitution under the former

judgment, and to obtain a decree compelling the defendant to convey one half the land in suit to the plaintiff. Judgment below was rendered for the defendant on the ground that the plaintiff was barred by the judgment in the former action. The plaintiff moved for a new trial. The motion was granted, and the defendant appealed from the order granting a new trial.

*Kincaid & Bates*, for Appellant, argued that the plaintiff was estopped by the judgment rendered in the first suit, since he did not appeal from the order of the Court denying his motion to open the judgment, and cited *Estrada* v. *Murphy*, 19 Cal. 248; *Caperton* v. *Schmidt*, 26 Cal. 479; and *Marshall* v. *Shafter*, 32 Cal. 197, 198.

*Fox*, for Respondent, replied that the issues in this case were not tried or determined in the former case, and consequently the judgment was no bar, and cited *Burnell* v. *Knight*, 51 Barb. 267; *Barnum* v. *Reynolds*, 38 Cal. 643; *Rosse* v. *Rust*, 4 Johns. Ch. 300; and *Hughes* v. *Waters*, 30 Cal 309.

By the COURT:

It appearing in the record here to be conceded as a fact that in the action of *Casey* v. *McCreary* the equitable defense interposed by the latter was virtually dismissed without being presented to or considered by the Court in rendering the judgment on that case, the judgment so rendered is not a bar to this action; the Court below therefore did not err in granting a new trial, and (without expressing an opinion as to the sufficiency of the complaint—a question which though argued by counsel is not involved in the appeal) the order is affirmed.