[No. 14027.    Department One. — October 22, 1890.]

S. B. PARKS, Appellant, *v.* H. S. DUNLAP et al., Respondents.

Dismissal of Action — Estoppel — Res Adjudicata. — The voluntary dismissal of an action without any agreement of the parties, or other circumstances tending to show that such dismissal was intended as a final disposition of the case, is not a bar to another action.

Id. — Action to Quiet Title — Retraxit — Foreclosure of Mortgage — Former Adjudication — Validity of Mortgage. — Where the defendants in an action to foreclose a mortgage had brought a previous action to quiet title to the property in controversy against the plaintiff and the parties who executed to him the mortgage sued upon, and the plaintiff demurred to the complaint, whereupon the defendants voluntarily dismissed the action as to him, before the demurrer was passed upon, and proceeded to trial and judgment as to the other parties, the dismissal does not operate as a *retraxit,* or amount to an adjudication in favor of the plaintiff as to the validity of his mortgage.

Appeal from a judgment of the Superior Court of Ventura County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Blackstock & Shepherd,* for Appellant.

*J. Hamer,* and *W. H. Wilde,* for Respondents.

WORKS, J. — This is an action to foreclose a mortgage. There was a judgment in favor of the defendants in the court below, and a new trial was denied. The plaintiff appeals.

The only question in the case in this court is, whether there has been a prior adjudication, between the parties to this appeal, of the questions involved in this suit.

The respondents in this action brought a suit against the appellant and the parties who executed to him the mortgage sued on herein, to quiet title to the property in controversy. In the complaint in that case it was alleged that the respondents were the owners of the land, that the appellant's mortgagors had no title thereto, but were asserting ownership therein adverse to the respondents; that so claiming to own the land, they had executed the mortgage now in suit to the appellant, but that said mortgage was invalid. In that action the appellant demurred to the complaint, whereupon the respondents voluntarily dismissed the action as to him. His claim to the lands, either as mortgagee of the claimants, or otherwise, was not set up or litigated, and the dismissal was not upon any agreement or compromise of the case, as to him, so far as the record in this case shows. The respondents proceeded to trial as to the mortgagors of the appellant, and recovered a judgment against them that the respondents were the owners of the land, and that they had no title thereto or interest therein. This judgment was affirmed on appeal to this court. (*Snodgrass* v. *Parks*, 55 Cal. 55.)

The contention of the appellant is, that the dismissal as to him, in the former action, was a *retraxit*, amounted to an adjudication in his favor, as to the validity of his mortgage, and is a bar against the respondents to any defense against it. Conceding, however, that the question in litigation in the former action was the same now presented, it is well settled that the voluntary dismissal of an action, without any agreement of the parties or

other circumstances tending to show that such dismissal was intended as a final disposition of the dispute between the parties, is not a bar to another action.

The authorities cited to the effect that a judgment on demurrer, when the demurrer goes to the merits of the action, may be a bar, are not in point. The judgment rendered was not on the demurrer, but upon a dismissal. The demurrer was not presented or passed upon by the court. Such a dismissal is not a bar. (*Merritt* v. *Campbell*, 47 Cal. 545.)

It may be otherwise, as we have said, where the dismissal is upon agreement of the parties. (*Merritt* v. *Campbell*, 47 Cal. 545; *Crossman* v. *Davis*, 79 Cal. 603.)

Judgment and order affirmed.

Fox, J., and Paterson, J., concurred.