[No. 15446.    Department Two.—December 3, 1894.]

CHARLES H. STOUTENBOROUGH ET AL., RESPONDENTS, *v.* BOARD OF EDUCATION OF THE CITY AND COUNTY OF SAN FRANCISCO, APPELLANT.

PRACTICE—DISMISSAL OF ACTION—ORDER ENTERED NUNC PRO TUNC.—On the 4th of August, 1880, on the motion of the plaintiffs, this action was dismissed, but no order of dismissal was entered at the time. On July 18, 1881, without notice to the plaintiffs, an order was entered reciting that the action had been settled, and directing its dismissal, and on September 20, 1892, a formal judgment of dismissal was recorded. In February, 1893, on motion of the plaintiffs, the court set aside the judgment and order of July 18, 1881, and entered an order *nunc pro tunc* as of August 4, 1880, reciting that the action was dismissed on motion of the plain-

tiffs. Held, that the last order took effect as of August 4, 1880, and that the action was in fact not pending in July, 1881, and whether the court erred in setting aside the order of July 18, 1881, or not, is immaterial to the defendent, since he was in no way aggrieved thereby.

ID.—RETRAXIT.—The order of July 18, 1881, not having been made on the motion of the plaintiffs, or upon their written consent, did not operate as a retraxit.

APPEAL from an order of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion.

*William Grant*, for Appellant.

*D. H. Whittemore*, for Respondents.

BELCHER, C.—The plaintiffs commenced this action in March, 1876, to quiet their title to a lot of land in the city and county of San Francisco. In due time an answer and cross-complaint were filed, setting up the defendant's ownership of the lot, and thereafter an answer to the cross-complaint was filed denying the defendant's ownership, and setting up the statute of limitations.

On July 18, 1881, an order was entered by the clerk in the minutes of the court, which, after setting out the title of the court and cause, reads as follows:

"This cause was called on the general calendar this day, and, it appearing to the court that the same has been settled, it is ordered that the said action be and the same is hereby dismissed."

Nothing further appears to have been done in the case until September 20, 1892, when a formal judgment of dismissal was recorded and a judgment-roll made up and certified by the clerk.

In January, 1893, the plaintiffs served on defendant and filed in court a notice that on a day named they would move the court to set aside and vacate the said judgment of September 20, 1892, also to set aside and vacate the said order of July 18, 1881, and to enter an order *nunc pro tunc*, as of August 4, 1880, reading as follows, after

setting out the title of the cause: "On motion of plaintiffs made in open court the above-entitled cause is hereby dismissed."

The notice stated that the motion would be made upon the grounds that the said judgment and order were entered inadvertently and without notice, and that the cause had been dismissed in open court on August 4, 1880, and the court had lost jurisdiction to make said order of July 18, 1881.

The motion was submitted for decision upon affidavits and exhibits presented and filed by the plaintiffs—no counter-affidavits or proofs of any kind were offered—and on February 20, 1893, "the court granted plaintiffs' motion on the payment of the sum of four dollars, which sum was paid, and received and receipted for by the attorney for defendant." From the order thus made this appeal is prosecuted.

It appears from the affidavits and exhibits introduced that in April, 1879, the attorney for defendant submitted to it a written opinion, in which he stated that, after a thorough examination of the matter, "I am satisfied that the board has no title to the property in question." And, after setting out the facts shown by his examination, he concluded by saying: "My opinion is . . . . the legal title is in the plaintiffs, and that it would be useless expense to defend the action."

It further appears that the attorney for defendant informed plaintiffs' attorneys that the said board had no title to said lot, and disclaimed all title or interest in the same, and that thereafter plaintiffs' attorneys instructed a clerk in their office to move for the dismissal of said action, and said clerk did so in open court, on August 4, 1880, and the court ordered the same dismissed at that time, but the clerk failed to make any entry of such order.

It also appears that another attorney in September, 1880, who was examining the title to the lot in question, called on the secretary of the board of education and was informed that the board did not claim said lot,

and that he then called on the attorney for the board, and was informed by him that said board of education did not claim said lot, and had no title thereto.

It would seem, too, that the plaintiffs had no notice or knowledge of the order made and entered on July 18, 1881, until after the recording of the judgment of September 20, 1892.

Upon these facts it is argued for appellant that the court below had no power to set aside, on motion, the order of July 18, 1881, because it was the act of the court, and complete and final in itself, and had been for more than eleven years in force; and it is said that respondents, if entitled to any relief, must seek it by an independent action in equity. It is also argued that the court had no power to set aside the judgment of September 20, 1892, because the recording of it was a mere clerical act which was authorized by and followed as a consequence of the prior order.

No objection is made to that part of the order appealed from which ordered and directed an order to be entered *nunc pro tunc* as of August 4, 1880, dismissing the action. But when the last-named order was so entered it took effect as of the date of August 4, 1880, and the action was in fact not pending in July, 1881. Whether, therefore, the court erred in setting aside the order of July 18, 1881, or not, is immaterial, since the appellant was in no way aggrieved thereby. And besides, unless the order and judgment set aside operated as a *retraxit*, and so barred any future action by the plaintiffs for the same cause, the appellant was not aggrieved by the order complained of.

Under our statute an action may be dismissed "by either party upon the written consent of the other" (Code Civ. Proc., sec. 581); and only such a dismissal will operate as a *retraxit*. (*Merritt* v. *Campbell*, 47 Cal. 542.) In view of the facts shown, the order of dismissal of July 18, 1881, could not have been made on motion of the respondents or upon their written consent, and it could not therefore have operated as a *retraxit*.

We advise that the order appealed from be affirmed.

TEMPLE, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

McFARLAND, J., DE HAVEN, J., FITZGERALD, J.