## Edwin O. Lanphere v. Henry T. Glover.

1. DISSOLUTION OF AN INJUNCTION—*Damages—Proper Allowances.*—
A party demurred to a bill and gave notice of a motion to dissolve the
injunction, but before his attorney could get the attention of the court
the parties came to terms and the bill was dismissed. Upon a sugges-
tion of damages sustained by reason of the injunction it was held that
the notice of the motion and attendance upon the court, were services
of counsel proper to be considered in the award of such damages.

Assessment of Damages, on the dissolution of an injunction, etc.
Appeal from the Circuit Court of Cook County; the Hon. MURRAY F.
TULEY, Judge, presiding. Heard in this court at the October term,
1895. Affirmed. Opinion filed December 2, 1895.

COLLINS, GOODRICH, DARROW & VINCENT, attorneys for
appellant.

IRA C. WOOD, attorney for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF
THE COURT.

The appellant and one Lawrence were jointly interested
in a real estate adventure, and had borrowed money from
the appellee, giving him, as collateral, securities to a large
amount belonging to them both.

The appellant filed a bill against Lawrence and the appel-
lee, charging that they had entered into some collusive
agreement prejudicial to his interests, and praying an in-
junction against both to restrain them from disposing of
the collateral, and also praying the appointment of a receiver
to collect, etc. To this bill the appellee demurred, and also
gave notice to the appellant of a motion to dissolve the
injunction, but before the appellee could get the attention
of the court, the appellant and Lawrence came to terms and
the bill was dismissed without notice to the appellee. Upon
a suggestion of damages sustained by the injunction the
appellee has been awarded two hundred dollars for solicit-

or's fees.    An injunction was not the only relief prayed as to the appellee; a receiver was also asked for.    The demurrer, therefore, was not solely directed to the injunction, but was in general defense of the suit.

Whether two hundred dollars is the proper sum to award as the compensation for serving notice of a motion to dissolve and waiting on the court a good deal of time in a vain attempt to bring the motion on, is not a question here, because, on the hearing of the suggestion, the counsel of the appellant said, " I am not going to contest the question of the value of the services rendered by J. W. Wood (appellee's attorney) in this case.    The only contest I shall make is that he never rendered any services for which a recovery could be had in this case on the bond.    The office of the bond is not to create or measure the liability of the complainant for damages."    Kohlsaat v. Crate, 144 Ill. 14.

The section of the statute there quoted does not limit the recovery of damages actually sustained upon any other event than the dissolution of the injunction by the court. Whether the court was induced to dissolve the injunction by what the appellee did, or by the consent of other parties, would seem not to affect the right of the appellee, provided he actually sustained some damage which, upon dissolution upon his own motion, would properly come within an award in his favor.

Now the notice of a motion, and attendance upon the court, would be services of the counsel to be considered in the award of damages, in case the dissolution had been upon his motion, and therefore we think they were properly considered in this case.    The order appealed from is affirmed.