[S. F. No. 1464.    Department One.—November 2, 1900.]

HANS FRAHM et al., Appellants, v. MARTIN C. WALTON
et al., Respondents.

INJUNCTION—MOTION TO DISSOLVE—DISMISSAL OF SUIT — LIABILITY OF
SURETIES—COUNSEL FEES.—The voluntary dismissal of an injunction
suit by the plaintiff, pending a motion to dissolve the injunc-
tion, is equivalent to a final determination that the injunction
was improperly granted, as respects the liability of the sure-
ties on the undertaking to respond in damages for counsel
fees paid by the defendant to his attorney for making the
motion to dissolve the injunction.

ID.—TIME OF PAYMENT OF COUNSEL FEES.—Whether the counsel fees were
paid in advance of the services, or were not paid until after
the action was dismissed, is immaterial.

ID.—ACTION ON INJUNCTION BOND—FEES PAID TO DISSOLVE INJUNCTION—
FINDING AGAINST EVIDENCE.—In the action on the injunction bond,
a finding that the plaintiffs did not pay any money to their
attorneys to procure the dissolution of the injunction is not
sustained by the evidence, where the only witness was a plain-
tiff, who testified directly that he agreed with the attorneys
that they were to move for the dissolution of the injunction
for a fee of four hundred dollars, which was paid to them
before the action was brought upon the bond, and that other
sums were paid for the services of the attorneys in defending
the injunction suit.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order denying
a new trial.    Edward A. Belcher, Judge.

The facts are stated in the opinion of the court.

Vogelsang & Brown, for Appellants.

Boyd & Fifield, for Respondents.

HARRISON, J.—An action was commenced against the
plaintiffs on behalf of the Abbey Land and Improvement Com-
pany et al. to enjoin them from doing certain acts, and an
order for an injunction *pendente lite* having been made upon
condition that they execute an undertaking to the plaintiffs
herein in the sum of five hundred dollars, the defendants here-

in executed such undertaking, and a writ of injunction was is-
sued and served upon the plaintiffs. Subsequently the de-
fendants—plaintiffs herein—gave notice of a motion to dis-
solve the injunction, and on May 21, 1896, brought on the
motion before the court for hearing, and after reading affi-
davits in support thereof the motion was submitted to the
court for its decision. Two days thereafter, before any deci-
sion upon the motion, plaintiffs' attorney filed a dismissal of
the action. The present action is brought to recover damages
sustained by reason of the injunction, the only damages
claimed being those arising from the services of counsel for
procuring its dissolution. Judgment was rendered by the su-
perior court in favor of the defendants, upon the grounds
found as facts by the court that the defendants did not em-
ploy any attorneys or pay any money to procure the dissolu-
tion of the injunction, and that the injunction was dissolved
by reason of the dismissal of the action at the instance of the
plaintiffs. A motion for a new trial was made upon the
grounds that the evidence was insufficient to sustain the de-
cision of the court, and from an order denying that motion, as
well as from the judgment, the plaintiffs have appealed.

The finding of the court that the plaintiffs did not pay any
money to their attorneys to procure the dissolution of the in-
junction is not sustained by the evidence. The only witness
at the trial was the plaintiff Frahm, and he testified distinctly
that he made an agreement with the attorneys to move for the
dissolution of the injunction for the sum of four hundred dol-
lars, and that he had paid that sum to them before the pres-
ent action was brought. Whether the money was paid in ad-
vance of the services or not until after the action had been
dismissed was immaterial. This testimony of the plaintiff
was not impaired by the fact that he had previously employed
the same attorneys to defend him in the suit, or that the re-
ceipts given by them did not specify the particular object for
which the payment was made.

The respondents' objections to the sufficiency of the specifi-
cations in this respect are not well taken. The "particulars"

in which the evidence is alleged to be insufficient are specified with sufficient clearness to point out the grounds upon which the appellants rely, and to enable the respondents, as well as the court, to cause the statement to properly present such evidence as is pertinent to those grounds. A statement that the evidence "fails to show" a particular probative fact essential to the judgment is substantially the same as saying that it is "insufficient to sustain" that fact.

Neither does the evidence sustain the contention of the respondents that the money was paid to the attorneys for services rendered by them generally for defending the suit, and not for the purpose of procuring a dissolution of the injunction. Frahm testified, and there was no contradictory evidence, that it was specifically agreed, before the motion for a dissolution was made, that the attorneys should be paid four hundred dollars for their services upon that motion, and also that he paid them other moneys for the other services rendered in defending the suit.

It is further contended by the respondents that there can be no recovery upon the undertaking, for the reason that, as the plaintiffs filed a dismissal of the action before any decision had been made upon the motion to dissolve the injunction, it was therefore never decided by the court that the plaintiffs in that action were not entitled to the injunction. It was held in *Dowling v. Polack*, 18 Cal. 625, that a dismissal of the action in which the injunction was issued amounted to a determination by the court that the injunction had been improperly granted. The dismissal in that case was for want of prosecution, and the court held that such dismissal had the same effect as would have resulted from a judgment upon the merits, saying: "Looking at the matter in the light of principle, it would seem that the failure of the plaintiff to prosecute his suit should be regarded as a concession of his inability to maintain it. The issues are not actually examined and passed upon but by his failure to appear he virtually confesses that the result of a trial would be to find them against him." In *Asevado v. Orr*, 100 Cal. 299, we said: "The voluntary dismissal

of the action by the plaintiffs had the same effect as a decision of the court that they were not entitled to the injunction."

The respondents do not contend that the judgment entered upon such dismissal is not as effective a determination of the action as would be a judgment rendered upon the merits after a contested trial, but they urge that the defendants in the injunction suit cannot recover counsel fees as a part of the damage sustained by reason of the injunction, unless it is shown that the injunction was dissolved by reason of the services of such counsel, and that such damages are not recoverable when an injunction falls by reason of the plaintiffs' dismissal of the action. As the voluntary dismissal of the action by the plaintiffs was an admission by them that they were unable to maintain their action, and therefore that they were not entitled to the injunction, it must follow that, by the terms of the undertaking, the defendants are entitled to recover from the sureties whatever damage they sustained "by reason of the injunction." Inasmuch as counsel fees incurred by the defendants for the purpose of securing a dissolution of the injunction are recognized as a portion of the damage covered by the undertaking, the plaintiffs cannot, by their voluntary dismissal of the action, take from the defendants their right to recover for such counsel fees after they have been once incurred, any more than could they in that manner take away their right to recover whatever other damages they might have sustained by reason of the injunction. If upon the argument of the motion for its dissolution the plaintiffs became convinced that the motion ought to be granted, they could not deprive the defendants of their right to compensation for the counsel fees incurred by them, by rushing to the clerk's office and dismissing the action before the court could make its order upon the motion. In *Lanphere v. Glover*, 60 Ill. App. 564, the defendant gave notice of a motion to dissolve the injunction, but before it could be heard the plaintiff dismissed the action. The court held that the defendant was entitled to recover the fee of his counsel as a part of his damages, saying: "Whether the court was induced to dissolve the injunction by what the ap-

pellee did, or by the consent of other parties, would seem not to affect the right of the appellee, provided that he actually sustained some damage which upon dissolution upon his own motion would properly come within an award in his favor. Now, the notice of a motion and attendance upon the court would be services of the counsel to be considered in an award of damages in case the dissolution had been upon his motion, and therefore we think they were properly considered in this case." (See, also, *Wallace v. York*, 45 Iowa, 81.) The meaning of the expression in *Curtiss v. Bachmann*, 110 Cal. 438, "An unsuccessful motion to dissolve an injunction does not authorize a recovery for the expense of counsel fees in making the motion," cited by the counsel for the respondents, is shown by the cases therein referred to, in which the motion had been denied in express terms. The rule there stated is not to be construed as applicable when the motion fails of success by reason of the plaintiff's act in preventing a determination of its merits. In *Andrews v. Glenville Woolen Co.*, 50 N. Y. 282, after a motion to dissolve the injunction had been made, the court declined to hear it until the final hearing upon the merits, and then dismissed the complaint. It was held that the defendant could recover for the services of his counsel on that motion, the court saying: "His motion did not fail through any fault on his part or any defect in the merits of his case." This case was cited in *Curtiss v. Bachmann, supra*, as one of the exceptions to the rule that the motion must be successful in order to entitle the party to a recovery. The rule must be the same when, after the court has suspended its decision, the plaintiff causes the action to be dismissed before any decision is made. He can have no greater rights by his voluntary dismissal than would follow a dismissal against his will.

The judgment and order are reversed.

Garoutte, J., and Van Dyke, J., concurred.