[Civ. No. 1159.   Third Appellate District—November 12, 1913.]

JULIUS F. H. HEIM et al., Respondents, v. FRED T. MOONEY et al., Appellants.

PRINCIPAL AND SURETY—BOND OF RECEIVER—CONCLUSIVENESS OF JUDGMENT OF DISMISSAL.—Where the plaintiff in an action for an injunction procures the appointment of a receiver as ancillary thereto, and subsequently has the action dismissed, the judgment of dismissal is conclusive against the sureties on the bond of the receiver that his appointment was wrongful or without sufficient cause, and they become liable for damages resulting to the defendant from the receivership.

APPEAL from a judgment of the Superior Court of Napa County and from an order refusing a new trial. Henry C. Gesford, Judge.

The facts are stated in the opinion of the court.

Theodore A. Bell, for Appellants.

Vogelsang & Brown, and John T. York, for Respondents.

CHIPMAN, P. J.—This is an action on a receiver's bond. Plaintiffs had judgment, from which and from the order denying their motion for a new trial defendants appeal.

One John S. Noble commenced an action for an injunction, in the superior court of Napa County, against the plaintiffs in this action, wherein he sought to procure the appointment of a receiver *pendente lite,* to take and retain exclusive possession of certain real and personal property at the time used in the furniture and undertaking business by and in the possession of and belonging to them. The court appointed a receiver in the action on Noble's *ex parte* application upon filing a statutory bond in the sum of ten thousand dollars, executed by Noble as principal and the defendants in this action, Mooney and Davis, as sureties. Thereupon, the receiver entered upon the discharge of his duties and took possession of all the property involved, excluding the plaintiffs herein therefrom. Later on the court required a further bond of five thousand dollars to be given and it was executed by the same principal and sureties and was filed in the action. Subsequently, the defendants in that action (plaintiffs herein) gave notice of a motion to vacate and annul the order so appointing the receiver, accompanied by certain affidavits. Before the date set for the hearing of said motion, Noble, plaintiff in said action, voluntarily dismissed his action and caused a judgment of dismissal to be entered therein. The present suit followed to recover damages sustained by reason of the appointment of the receiver.

The court found that plaintiffs had been damaged in the sum of $1,105.80. No question arises as to the sufficiency of the evidence to sustain this finding. The court also found that Noble, in his said action, "did wrongfully and without sufficient cause procure the appointment of said receiver and his continuance in office in said action."

The judgment of dismissal of said action was as follows:

"JUDGMENT OF DISMISSAL.

("Title of Court and Cause.)

"The plaintiff herein having made an order for the dismissal of the above entitled action and the clerk having made an entry of dismissal thereof in his Register of Actions,

"Therefore, by virtue of the law and by reason of the premises aforesaid (no trial in said case having been had),

"It is ordered, adjudged and decreed that the above entitled case be and the same is hereby dismissed.

"Judgment entered April 11th, A. D. 1907.

(Seal)　　　　　　　　　　"N. W. COLLINS,

"Clerk of the Superior Court.

"Clerk's office of the Superior Court, in and for the County of Napa, State of California."

(Endorsed)　"Filed April 11th, 1907."

At the trial defendants offered to prove the facts set out in the complaint and amended complaint in the action brought by Noble against the plaintiffs herein. The court sustained the objection of plaintiffs to such evidence and there was no evidence introduced by either plaintiffs or defendants in support of the averment of the complaint and the finding of the court that the appointment of the receiver was procured wrongfully or without sufficient cause, except the said judgment of dismissal hereinbefore set forth.

Appellants assigned as error the insufficiency of the evidence to show that the appointment of the said receiver was procured wrongfully or without sufficient cause. This presents the sole question in the case.

Section 566 of the Code of Civil Procedure provides, among other things, as follows: "If a receiver is appointed upon an *ex parte* application, the court . . . must require from the applicant an undertaking with sufficient sureties, . . . to the effect that the applicant will pay to the defendant all damages he may sustain by reason of the appointment of such receiver and the entry by him upon his duties, in case the applicant shall have procured such appointment wrongfully, maliciously, or without sufficient cause. . . ."

No case is cited and we have found none where the action was on a receiver's bond after dismissal by the plaintiff of the action in which the bond was given. The question is, Did the dismissal of the action against the plaintiffs by Noble have the effect to finally decide that the appointment of the receiver was procured wrongfully or without sufficient cause? In the absence of an adjudication of the precise question a solution must be sought upon principle and by resort to cases as nearly analogous as may be.

It is not to be doubted that the dismissal of the action in which the injunction was issued was a dissolution of the injunction and the discharge of the receiver and discharged the sureties on his bond from any subsequent liability. Their engagement relates to that action and none other and when it was dismissed all their obligations terminated except such as had already accrued. The fact that the plaintiff, Noble, might bring another similar action does not concern the sureties in the dismissed action nor can it affect their liability, for their bond has no relation to a subsequent action. We think it is equally true that, in the absence of fraud or collusion, the sureties are bound by the judgment against their principal in the proceeding to the extent of their engagements in the bond. Had the court, on a hearing on the merits, determined that the appointment of the receiver had been procured wrongfully or without sufficient cause, such judgment would have been conclusive against the sureties. Mr. Freeman says: "It seems to be generally conceded that whenever a surety has contracted in reference to the conduct of one of the parties in some suit or proceeding in the courts he is concluded by the judgment." (1 Freeman on Judgments, sec. 180 [3d ed.].) The author cites many examples of cases, such as injunction bonds; sureties who have become parties to a bond for the delivery of property replevined; or to dissolve an attachment, or to release attached property; sureties upon the bond of an administrator or executor—instances, too, where the responsibility of sureties is fixed in suits to which they were not parties, and in which they were not tendered an opportunity to defend. The rule is given in *Braiden* v. *Mercer,* 44 Ohio St. 339, [7 N. E. 155], where many cases are examined. We can see no reason why the rule should not apply to sureties who have engaged to answer for damages which may result from their principal having procured the appointment of a receiver wrongfully or without sufficient cause.

The court cannot appoint the receiver until the undertaking is given and in it the sureties engage that if their principal procures the appointment wrongfully or without sufficient cause, they will pay all damages sustained by reason thereof. They distinctly "contract with reference to the conduct of one of the parties" to the suit.

The question was quite fully discussed by Mr. Justice Brewer, in *Hoge* v. *Norton,* 22 Kan. 374, which was the case of dissolution of an attachment. The court, however, did not consider what result would follow if the record had disclosed a dissolution by the voluntary dismissal on the part of the plaintiff. And this brings us to the question here, Was the judgment dismissing the action, upon the motion of plaintiff, determinative of the fact that the appointment of the receiver was procured wrongfully or without sufficient cause?

In *Dowling* v. *Polack,* 18 Cal. 626, the court said: "This is an action upon an injunction bond, and the dismissal of the suit in which the injunction was issued amounted to a determination by the court that the injunction had been improperly granted. The suit was dismissed for want of prosecution, and with respect to the particular case, the judgment of dismissal had the same effect upon the rights of the parties as would have resulted from a judgment upon the merits. It terminated the proceedings, and by its legal operation and effect set aside and discharged the injunction; it was the final action of the court operating directly upon the injunction, and destroying the foundation upon which it rested." Cases are cited in which the action was dismissed on motion of the plaintiff with the same result. Continuing, said the court: "Looking at the matter in the light of principle, it would seem that the failure of a plaintiff to prosecute his suit should be regarded as a concession of his inability to maintain it. The issues are not actually examined and passed upon, but by his failure to appear he virtually confesses that the result of a trial would be to find them against him. A dismissal under such circumstances must be understood as proceeding upon this idea, and so far as relates to the case itself, as determining everything involved in it. In effect, a dismissal is a final judgment in favor of the defendant; and although it may not preclude the plaintiff from bringing another new suit, there is no doubt that for all purposes connected with the proceeding in the particular action, the rights of the parties are affected by it in the same manner as if there had been an adjudication upon the merits." Affirming this case, in *Lesse* v. *Sherwood,* 21 Cal. 152, 164, it is said: "A dismissal of the action is a final decision of the action,

**and** it is a final decision *of the action* as against all claims made by it.''

In *Fowler* v. *Frisbie,* 37 Cal. 34, the injunction was dissolved on motion of the defendants but it did not appear upon what grounds. Said the court: ''Standing alone, and without explanation, the order was an adjudication that the injunction ought not to have issued.'' (See, also, *Porter* v. *Hopkins,* 63 Cal. 53.)

In *Asevado* v. *Orr,* 100 Cal. 293, 299, [34 Pac. 777], *Dowling* v. *Polack* was affirmed. In that case there was a voluntary dismissal of the action. Orr was not a party to the bond and as to him he was held not liable on grounds in no wise affecting the liability of the sureties. As to them the court said: ''The voluntary dismissal of the action by the plaintiffs had the same effect as a decision of the court that they were not entitled to the injunction.''

In *Frahm* v. *Walton,* 130 Cal. 396, [62 Pac. 618], *Dowling* v. *Polack* was again affirmed. The court said: ''As the voluntary dismissal of the action by the plaintiffs was an admission by them that they were unable to maintain their injunction, it must follow that, by the terms of the undertaking, the defendants are entitled to recover from the sureties whatever damages they have sustained by reason of the injunction.''

In the case last cited a motion of defendants was pending for the discharge of the injunction, as there was here a motion to discharge the receiver supported by affidavits, but the plaintiffs did not wait for the hearing of the motion. The court said that plaintiffs could not deprive the defendants of their right to compensation by ''rushing to the clerk's office and dismissing the action before the court could make an order upon the motion.''

In *Lothrop* v. *Southworth,* 5 Mich. 436, it was held, in an injunction suit, that the surety was bound by a decree against his principal and could raise no question as to its correctness. It was said in this case that the surety undertook that his principal should abide the judgment of the court. ''He can, therefore, raise no question of the correctness of the decree, nor impeach it in this collateral proceeding.'' Similarly, it was said, in *Towle* v. *Towle,* 46 N. H. 434: ''By signing the bond in suit with Towle, the plaintiff in the suit in equity, the securities voluntarily assumed such a connection with that

suit that they are concluded by the decree in it in the present suit upon the bond so far as the same matters are in question.''

The engagement of a surety on an injunction bond is ''to the effect that he will pay to the party enjoined such damages . . . as such party may sustain . . . if the court finally decides that the applicant was not entitled thereto.'' (Code Civ. Proc., sec. 529.) In *Asevado* v. *Orr*, 100 Cal. 293, 299, [34 Pac. 777], the court said: ''Their (the sureties) liability depends simply upon proof that the injunction was issued, that the defendants suffered damages thereby, and that the court has decided that the plaintiff was not entitled to the injunction. The voluntary dismissal of the action by plaintiff had the same effect as a decision of the court that they were not entitled to the injunction.'' In short, the judgment of dismissal on plaintiffs' motion was conclusive of the fact that the plaintiffs were not entitled to the injunction and the sureties could not retry that issue in an action against them on their bond. We are unable to see why the principle governing these cases does not and should not apply to the case before us.

In the Kansas case, Mr. Justice Brewer points out that the view urged by appellant ''exposes to this possible result'':

Unless the judgment of dismissal is conclusive on the sureties as well as upon the principal, as respects their liability for compensatory damages, a retrial of the issue in an action on the bond might result in a verdict, if tried by a jury, in favor of the sureties and become final upon appeal. Thus we would have two conflicting judgments upon the same issues of fact. While such a result may not always be avoided it should not be allowed to happen unless imperative rules of law would sanction it as necessary to avoid doing some greater injustice. We do not think it unreasonable to hold that the sureties contracted with knowledge that their principal had the right, and might exercise it, to dismiss his action, to be followed by such consequences as the law would impose. The pleadings in the original action show that it was brought to enjoin the defendants (plaintiffs here) from interfering with real and personal property involved. The appointment of a receiver was ancillary to that action and not its main object. It would seem to us that this furnishes some reason for apply-

ing the rule governing the liability of sureties on the injunction bond. There is no reason why the rule in actions on injunction bonds should prevail to allow the recovery of damages upon the dismissal of the action and deny it on the receiver's bond, given in the same action, unless the terms of the latter bond compel it, and we do not think they do. Besides, as intimated above, the appointment of the receiver necessarily depends upon the right to the injunction and when that right is swept away it carries with it all justification for appointing the receiver. If the injunction was improperly issued it must follow that the appointment of the receiver was without sufficient cause.

Appellant cites many cases illustrating the liability of sureties on official bonds. These cases are not in point. In those cases the sureties, as was said in *Pico* v. *Webster,* 14 Cal. 202, [73 Am. Dec. 647], cited by appellant, "undertake in general terms that the principal will perform his official duties." The sureties do not undertake that the principal will perform a specific act in a particular way. The acts of public officers performed in official capacities are not in the same class with the acts of a principal in a judicial proceeding for which sureties stand sponsor.

Cases cited by appellant for malicious prosecution and the like are not in point. No question of motive or probable cause is here involved. (*Asevado* v. *Orr,* 100 Cal. 293, [34 Pac. 777].)

The judgment and order are affirmed.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 10, 1914.