[L. A. No. 4173. Department One.—April 12, 1918.]

D. E. FOSTER, Respondent, v. HELEN BRANEN et al., Appellants.

MORTGAGE — FORECLOSURE — DISMISSAL BY PLAINTIFF OF PREVIOUS ACTIONS—NOT A BAR TO SUBSEQUENT SUIT.—Judgments of dismissal of three separate actions to foreclose a mortgage, which judgments were entered by the clerk on the direction of the plaintiff, without a settlement of the cause of action or anything purporting to be a decision against the plaintiff on the merits, were not a bar to a subsequent action by the plaintiff to foreclose the same mortgage.

ID.—APPEAL—DAMAGES FOR FRIVOLOUS APPEAL.—An appeal from a judgment based by the appellants on the claim of such a bar is frivolous and obviously taken for delay only, and warrants the imposition of damages and costs.

APPEAL from a judgment of the Superior Court of Los Angeles County. Curtis C. Legerton, Judge.

The facts are stated in the opinion of the court.

J. Irving McKenna, and Catherine A. McKenna, for Appellants.

Arthur G. Stepper, for Respondent.

SHAW, J.—The defendants, Julia P. and C. D. Warden, appeal from the judgment.

The action was to foreclose a mortgage executed by the defendant, Helen Branen, upon a tract of land subsequently conveyed to the defendant, Julia P. Warden. Helen Branen made no answer to the complaint. Julia P. Warden and C. D. Warden, who was interested only as the husband of Julia P. Warden, filed an answer denying the execution of the note and mortgage sued on, denying also the payment of $15 for a search of title, and the reasonableness of the sum of money demanded as attorney's fees by the plaintiff, and further alleging that the plaintiff was estopped from maintaining the action by reason of the fact that he had prosecuted three prior actions on the same mortgage and note, all of which had been dismissed.

The evidence shows that the previous actions referred to were dismissed by the clerk on the direction of the plaintiff in the case. There is no merit in the claim that such a dismissal is a bar to a subsequent suit. It appears that at the time the dismissal was ordered the defendants had paid a part of the interest due on the note. There was no settlement of the cause of action nor anything which purported to be a decision against the plaintiff on the merits of the case. No other question is presented.

The appeal is frivolous and obviously taken for delay only. The case calls for the imposition of damages, which the court fixes at the sum of $100.

It is ordered that the judgment be affirmed and that plaintiff recover of the appellants, Julia P. and C. D. Warden, the sum of $100 as damages by the appeal, together with costs.

Sloss, J., and Richards, J., *pro tem.*, concurred.