[Civ. No. 4083. Second Appellate District, Division One.—October 30, 1922.]

In the Matter of the Estate of WILLIAM KNAUFT, Deceased. CARL KNAUF et al., Respondents, v. FRANK STAIN et al., Individually and as Executors, etc., Appellants.

[1] ESTATES OF DECEASED PERSONS—REVOCATION OF PROBATE—DISMISSAL OF CAUSE.—In a proceeding brought by certain alleged heirs for the purpose of securing the revocation of an order admitting to probate the will of the deceased, the plaintiffs may, at any time before final submission of the cause, dismiss the same; and upon a motion being made in open court for a dismissal of the cause, without prejudice, the court has authority to declare in the judgment that such dismissal be without prejudice to the filing of a new petition.

[2] ID.—STATUTE OF LIMITATIONS—ALIENS—TIME OF WAR.—Section 354 of the Code of Civil Procedure, which provides that "When a person is an alien subject, or citizen of a country at war with the United States, the time of the continuance of the war is not part of the period limited for the commencement of the action," is applicable to proceedings in probate.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Wellborn, Judge. Affirmed.

The facts are stated in the opinion of the court.

D. Joseph Coyne and Joseph M. Suttner for Appellants.

Karl L. Ratzer, Turner & Grainger and Charles W. Fourl for Respondents.

On the question of alien enemies as litigants, notes, Ann. Cas. 1917C, 189. 227; Ann. Cas. 1918C, 709; Ann. Cas. 1918E, 347; L. R. A. 1918B, 189; L. R. A. 1918E, 809; 5 B. R. C. 583.

JAMES, J.—In this case the appeal is taken by the defendants from the judgment of dismissal entered on the motion of the plaintiffs. The proceeding was brought by certain alleged heirs of William Knauft, deceased, for the purpose of securing the revocation of an order admitting to probate the will of said deceased. Defendants demurred to the petition and moved to strike it from the files. The demurrer was overruled and the motion denied.

[1] It is recited in the judgment that the proceeding was called for trial on the twenty-fifth day of January, 1922, and that ''on the thirtieth day of January, 1922, when said cause was reconvened for trial, and before the submission thereof, the said plaintiffs, by their counsel, in open court moved for a dismissal of said cause and petition, without prejudice, which said motion of plaintiffs was granted by the court, over the objection of the defendants thereto.'' The judgment dismissing the action declared such dismissal to be without prejudice to the filing of a new petition, and it is particularly to the latter condition that appellants address their complaint.

It is insisted first that the court had no authority to so qualify the judgment of dismissal as to give to the petitioners the right to further prosecute a proceeding for the revocation of the probate order. It seems to be well settled under our practice that a party may at any time, before final submission of a cause, dismiss the same (sec. 581, Code Civ. Proc., subd. 4) and that the judgment in that case will not operate as a bar to the recommencement of an action based upon the same cause (*Merritt v. Campbell,* 47 Cal. 542; *West Bay v. Gray et al.,* 116 Cal. 660 [48 Pac. 800]), and there seems to be no reason why the same rule is not applicable to proceedings in probate. This conclusion would seem to put an end to appellants' case here. It is urged, however, that on this appeal the appellants have the right to have considered the rulings of the court made on their demurrer and motion to dismiss. Without admitting that the orders made on the demurrer and motion are subject to review here, the points covered in the argument of appellants under that head may be briefly considered. [2] Their demurrer was on the ground that the proceeding was started too late, having been commenced more than one year after the making of the order admitting the will to probate. Sec-

tion 1333 of the Code of Civil Procedure provides that if no person within one year after the probate of the will contests the same, the order of probate is conclusive. The section concludes with the following provision: "saving to infants and persons of unsound mind, a like period of one year after their respective disabilities are removed." The petitioners, in the attempt to show that they were not foreclosed from prosecuting their proceeding by reason of the above-mentioned provisions, alleged that at the time the will was admitted to probate they were subjects of and residents in the empire (later the republic) of Germany, and that a state of war then existed between the United States and that country, which war continued up to the second day of July, 1921, because of which condition they were unable to sooner present their petition to the court. Section 354 of the Code of Civil Procedure provides as follows: "When a person is an alien subject, or citizen of a country at war with the United States, the time of the continuance of the war is not part of the period limited for the commencement of the action." While this section is a part of the chapter devoted to provisions respecting the time of the commencement of actions, in its nature it deals with the general subject of disability within the particular classes defined, and is, for that reason, in its nature applicable to proceedings in probate. In the *Estate of Henrichs*, 180 Cal. 175 [179 Pac. 883], the supreme court held that an alien enemy appearing in a probate proceeding was entitled to a continuance until after peace had been declared between Germany and the United States. The court referred there to provisions of the "Trading With the Enemy Act" and said: "It is unnecessary to consider whether or not the alien enemy was a defendant in an action at law or in equity in a technical sense, because it was evidently the purpose of Congress to permit an alien enemy to maintain his rights in the courts of the country against an actual assault thereon, as in this case. (But see Code Civ. Proc., secs. 1063, 1716.)" The particular provision of the act of Congress referred to declared that "nothing in this act shall be deemed to authorize the prosecution of any suit or action at law or in equity within any court in the United States by an enemy or an ally of an enemy prior to the end of the war. . . . And provided further that an enemy or ally of an enemy may

defend by counsel any suit in equity or action at law which may be brought against him.''

The judgment appealed from is without error and should be affirmed, regardless of the questions suggested as being involved under the rulings on demurrer and motion to strike the petition from the files.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.