[S. F. No. 12968. In Bank.—November 23, 1928.]

In the Matter of the Estate of ELIZA COOK, Deceased. MAUD KESTER et al., Appellants, v. GEORGE P. McNEAR, as Special Administrator, etc., et al., Respondents.

W. F. Cowan, Wallace L. Ware and George W. Murphy for Appellants.

F. A. Meyer and Vallandigham & Hollingsworth for Respondents.

CURTIS, J.—This appeal is from an order of the superior court of the county of Sonoma, sitting as a probate court, admitting to probate the purported will and codicil of Eliza Cook, deceased, and also from the order of said court granting the motion of proponents to strike out and dismiss the contest to said will filed by contestants.

A petition for the probate of said purported will and codicil by respondent George P. McNear, the executor therein named, was filed in said probate court. Thereafter and before the hearing of said petition the contestants herein, together with some other heirs of said deceased, appeared in said proceeding and filed their written opposition to the probate of said will and their contest thereto. An answer was filed to said opposition and contest, and the matter came on for trial before a jury in said court. The verdict of said jury was in favor of the contestants, but was thereafter set aside by the trial court. The matter again came on for trial on November 16, 1927. The proponents objected to a trial of said matter by a jury on the ground that contestants had not complied with the provisions of section 1312 of the Code of Civil Procedure, requiring a written

request for a jury trial to be filed at least ten days prior to the day set for the hearing. The objection was sustained by the court. Thereupon the contestants in open court dismissed their opposition to the probate of said will, and the court made an order dismissing said contest. This order was made in open court on the sixteenth day of November, 1927. On December 9th following there was filed a written order of the court dismissing said contest. This order, among other things, recited and decreed as follows: ''It appearing to the satisfaction of said court that the said contestants have abandoned and voluntarily renounced their contest and opposition to said will on motion of said contestants, it is hereby ordered, adjudged and decreed that the said contest and opposition to said will filed herein by Alonzo Smith Cook (also known as Robert Cook or Bob Cook), Isaac N. Cook, Jefferson D. Cook, Grover Cook and Maud Kester, be and the same is hereby dismissed.'' Upon the dismissal of said contest and opposition, and upon the request of the proponent, George P. McNear, the petition for the probate of said will was postponed and continued to November 18, 1927. On the same day of the dismissal of the original contest of said will, to wit, on said November 16, 1927, the contestants filed in said court a second contest of the probate of said will and codicil. The second contest was in writing and was based upon the same grounds which were relied upon in the first or original contest. The proponents promptly moved the court to strike out and dismiss said second contest, which motion was granted on December 6, 1927, and three days thereafter the court made its order admitting said will to probate. From each of these two last mentioned orders the contestants have appealed. The order dismissing the second contest recites that the first contest came on regularly to be heard on the sixteenth day of November, 1927, ''and the said contestants then and there in open court abandoned and renounced their contest of the said will and this court on said day, made and entered its final order dismissing the same.'' While the written order of the court dismissing the first contest and that dismissing the second contest recite that the contestants had abandoned and renounced their first contest of the probate of said will, these recitals are not strictly in accordance with the record before

us showing just what did transpire in court at the time of such dismissal. As already stated, the contestants desired a jury trial, which was denied by the court, whereupon one of the attorneys for contestants stated to the court, "Then, if your Honor please, the contestants dismiss the opposition to the probate of the will." To this statement of counsel the court replied, "Very well. Let the opposition to the probate of the will be dismissed on motion of the contestants." These statements of the court and counsel constitute all that took place in court bearing upon the dismissal of the first contest. It is very evident therefrom that all that contestants did on that occasion was to voluntarily dismiss in open court their contest. Nothing was then said by contestants, or by their attorneys, or by the court to the effect that contestants had renounced or abandoned their contest. The written order of dismissal of the first contest, filed some twenty-four days after the court made its verbal order of dismissal, must be read in the light of the proceedings taken in court at the time the verbal order was made, as said written order shows upon its face that it was based upon said proceedings. As so read and understood, it amounts to no more than an order of dismissal made upon contestants' voluntary motion to dismiss said proceeding. It cannot be accepted as a finding or adjudication of the court that the contestants had renounced and abandoned their contest.

The sole question presented by this appeal is whether the contestants are barred from instituting their second contest of the probate of said will by reason of their dismissal of their first contest and the order of the probate court dismissing said first contest upon the voluntary motion of contestants that said contest be dismissed.

An ordinary action or proceeding in court may be dismissed by the plaintiff and such dismissal will not be a bar to a subsequent action filed by him for the same cause (*Davenport* v. *Turpin,* 43 Cal. 597; *McCreary* v. *Casey,* 45 Cal. 128; *Lord* v. *Dunster,* 79 Cal. 477 [21 Pac. 865]; *Parks* v. *Dunlap,* 86 Cal. 189 [25 Pac. 916]; *Pierce* v. *Hilton,* 102 Cal. 276 [36 Pac. 595]; *Pyle* v. *Piercy,* 122 Cal. 383 [55 Pac. 141]; *Carr* v. *Howell,* 154 Cal. 372 [97 Pac. 885]; *Clopton* v. *Clopton,* 162 Cal. 27 [121 Pac. 720]; *Foster* v. *Branen,* 178 Cal. 118 [172 Pac. 382]).

Such a dismissal is usually made under subdivision 1 of section 581 of the Code of Civil Procedure by written request of the plaintiff made to the clerk to dismiss the action and by entering of the dismissal by the clerk in his register. But this method is not exclusive. It may be made in open court upon motion of the plaintiff (*Hinkel* v. *Donohue*, 90 Cal. 389 [27 Pac. 301]; *Richards & Knox* v. *Bradley*, 129 Cal. 670, 672 [62 Pac. 316]). The rule, however, is different when the judgment of dismissal is rendered on the application of either party with the written consent of the other. In such a case the dismissal is held to be a voluntary renunciation of the plaintiff's action and amounts to a *retraxit* (*Merritt* v. *Campbell*, 47 Cal. 542; *Stoutenborough* v. *Board of Education*, 104 Cal. 664 [38 Pac. 449]; *Crossman* v. *Davis*, 79 Cal. 603 [21 Pac. 963]). But where the dismissal is voluntary and is made without any agreement between the parties, it is not a bar to a subsequent action. This rule is clearly and positively stated in the case of *Parks* v. *Dunlap, supra,* as follows: ''Conceding, however, that the question in litigation in the former action was the same now presented, it is well settled that the voluntary dismissal of an action, without any agreement of the parties or other circumstances tending to show that such dismissal was intended as a final disposition of the dispute between the parties, is not a bar to another action.'' Upon an examination of the other authorities cited above in support of this rule, there will be found numerous statements therein equally as positive and definite as the foregoing excerpt from the decision of *Parks* v. *Dunlap, supra.*

One answer to these authorities made by the respondents is that the proceeeding to contest the probate of wills is an equitable proceeding and that the rule above enunciated does not apply to suits in equity. In support of this claim the respondents have cited a number of authorities from other jurisdictions to the effect that the dismissal of a bill in chancery will be presumed to be a final and conclusive adjudication on the merits, whether they were or were not determined, unless the contrary is apparent on the face of the pleading or in the decree of court. However controlling these authorities may be in the jurisdictions in which they were rendered, they have little or no application to the rule of practice in this state, where all dis-

tinction between actions in law and equity have been abolished and parties are limited to but one form of action for the enforcement of their rights. There is nothing in the cases of *Asevado* v. *Orr,* 100 Cal. 293 [34 Pac. 777], *Frahm* v. *Walton,* 130 Cal. 396 [62 Pac. 618], or *Heim* v. *Mooney,* 23 Cal. App. 233 [137 Pac. 616], which tends in the least degree to support respondents' contention that a different rule obtains in suits in equity than that applicable to actions at law. While the precise point has never been the subject of any adjudicated case in this state, the instances are numerous where the voluntary dismissal by the plaintiff of an equitable action has been held not to constitute a bar to the institution of a second action for the same cause (*Carr* v. *Howell,* 154 Cal. 372 [97 Pac. 885]; *Foster* v. *Branen,* 178 Cal. 118 [172 Pac. 382]; *Parks* v. *Dunlap,* 86 Cal. 189 [25 Pac. 916]).

These cases, with the exception of the first, were actions instituted to foreclose mortgages. The case of *Carr* v. *Howell, supra,* was an action for specific performance of an agreement for the sale of real property. Plaintiff commenced the action in the superior court. The action was removed to the United States circuit court upon the ground that Mrs. Dwyer, one of the defendants, was a citizen of the state of Louisiana. Thereafter Mrs. Dwyer died, and a citizen of this state was appointed administrator of her estate. Thereupon the plaintiff voluntarily dismissed the action before the federal court, and instituted a new action against said administrator in the superior court. It was contended that plaintiff was barred from maintaining the subsequent action in the superior court by reason of his dismissal of the first action. The court held that: "The rule has long been established that a judgment of dismissal given upon motion of the plaintiff, before the hearing or trial of any issue of law or fact and without any determination of the merits of the cause, is no bar to a subsequent suit in any court upon the same cause of action (citing authorities). The court below correctly held that this judgment was no bar to the present action."

There is no provision of the law relating to the administration of estates expressly limiting the time in which a contest of a will before the probate thereof may be filed. After a will has been admitted to probate, section 1327

of the Code of Civil Procedure provides that "any person interested may, at any time within one year after such probate, contest the same or the validity of the will." The only provision of our law bearing even indirectly upon the question as to the time in which a contest to a will may be filed before probate is to be found in section 1308 of the Code of Civil Procedure, which provides that "if no person appears to contest the probate of the will, the court may admit it to probate on the testimony of one of the subscribing witnesses only." In view of the provisions of this section of the code this court has held that a contest initiated after the time originally appointed for the hearing of the petition, but before the hour to which such hearing had been postponed, was in time (*Stewart* v. *Hall*, 100 Cal. 246 [34 Pac. 706]; *Estate of Mollenkopf*, 164 Cal. 576 [129 Pac. 997]). The supreme court of Montana, where the statute is in most respects like the above section of the Code of Civil Procedure of our own state, has given a similar ruling (*Raleigh* v. *District Court*, 24 Mont. 306 [81 Am. St. Rep. 431, 61 Pac. 991]; *State* v. *Second Judicial District Court*, 25 Mont. 355 [65 Pac. 120]). In the present proceeding, therefore, the second contest filed by contestants was within the time provided by the provisions of our Code of Civil Procedure. It was, therefore, a valid and legal contest, provided the voluntary dismissal by contestants of their prior contest was not a bar to the institution of this second or subsequent contest. As we have previously shown, the voluntary dismissal of an ordinary action in court is not a bar to a subsequent action instituted upon the same cause of action. We see no reason why this same rule should not apply to contests filed for the purpose of contesting wills, in the absence of any statute or code provision upon the subject providing that such a dismissal would bar a subsequent proceeding. The question so far as we are aware has never been before the appellate courts of this state. The matter was discussed by the district court of appeal in the matter of the *Estate of Knauft*, 59 Cal. App. 536 [211 Pac. 29]. In that proceeding the contestants had filed a contest and petition to have the probate of the will of said deceased set aside. The matter came on for hearing and the contestants in open court moved to dismiss their contest and petition, without prejudice, which motion was

granted over the objection of the proponents. The judgment dismissing the proceeding recited the fact that such dismissal was made without prejudice to the filing of a new contest and petition by the contestants. In passing upon this judgment of dismissal the court said (page 537 of 59 Cal. App. [211 Pac. 29]): "It is insisted first that the court had no authority to so qualify the judgment of dismissal as to give to the petitioners the right to further prosecute a proceeding for the revocation of the probate order. It seems to be well settled under our practice that a party may at any time, before final submission of a cause, dismiss the same (sec. 581, Code Civ. Proc., subd. 4) and that the judgment in that case will not operate as a bar to the recommencement of an action based upon the same cause (*Merritt* v. *Campbell*, 47 Cal. 542; *West Bay* v. *Gray et al.*, 116 Cal. 660 [48 Pac. 800]), and there seems to be no reason why the same rule is not applicable to proceedings in probate." As the order of court dismissing the prior contest in *Estate of Knauft* was made without prejudice to the contestants to file a new petition, that case is not an authority in support of appellants' contention that the dismissal of the prior contest, wherein no mention was made in the order of the court or elsewhere that the dismissal was made without prejudice, was not a bar to a subsequent contest by them. The case is authority, however, that the rule governing the dismissal of actions generally under section 581 of the Code of Civil Procedure is applicable to probate proceedings. That being the case, and the overwhelming weight of authority in this state being that the voluntary dismissal of an action by the plaintiff is not a bar to a subsequent action instituted by the same party upon the same cause of action, it naturally and logically follows that the dismissal of a contest in a probate proceeding is not a bar to a subsequent contest by the same contestants based upon the same grounds of contest, provided, of course, the same is filed within the time limited by the Code of Civil Procedure.

Respondents further contend that as the words "without prejudice" do not appear in the order dismissing the first contest, the contestants are barred by said order from instituting a new contest. We think there is no merit in this contention and we are cited to no authority to

support it. On the other hand, there is an abundance of authorities holding that an order or judgment of dismissal, which contains no statement whatever that it was made without prejudice, is not a bar to a subsequent action. (*Pyle* v. *Piercy*, 122 Cal. 383, 384 [55 Pac. 141]; *Rosenthal* v. *McMann*, 93 Cal. 505, 509 [29 Pac. 121]; *Carr* v. *Howell*, 154 Cal. 372 [97 Pac. 885].)

Other points are made by respondents in support of their contention that the orders of the trial court should be sustained by this court. We think, however, we have considered all the more important questions raised by the briefs of the parties and that a further discussion of any additional matters would serve no useful purpose. It is clear, according to the authorities cited, that the voluntary dismissal by contestants of their first contest did not bar them from instituting the second contest. The court, therefore, had no authority to dismiss the second contest on the ground that the contestants named therein had joined with the other heirs of the testator in dismissing the prior contest. ■ As a valid contest was on file at the time the petition for the probate of the will came on for hearing, the probate court was in error in hearing and thereafter granting said petition without first disposing of, in the manner provided by law, the contest then on file. It follows, therefore, that the orders appealed from should be and they are hereby reversed.

Richards, J., Shenk, J., Waste, C. J., Preston, J., and Langdon, J., concurred.

Seawell J., deeming himself disqualified, did not participate.

Rehearing denied.

All the Justices concurred.