[Civ. No. 12446.   Second Appellate District, Division Two.—April 3, 1940.]

In the Matter of the Estate of LOUIE E. RAYMOND, Deceased.   FREDERICK R. AHLBORN, Appellant, v. GRACE RAYMOND PETERS, Respondent.

Cantillon & Glover, J. F. T. O'Connor and Ronald Button for Appellant.

Freston & Files and William B. Etheridge for Respondent.

WOOD, J.—A petition was filed by appellant on July 22, 1938, for the probate of a will alleged to have been executed by Louie E. Raymond, deceased, and to have been destroyed by Grace Raymond Peters. Written opposition to the petition for probate of the alleged lost will was filed by Grace Raymond Peters. Mary S. Raymond and others filed an answer to the written opposition of Grace Raymond Peters but a demurrer to their answer was sustained without leave to amend. Appellant also filed an answer to the written opposition of Mrs. Peters. The hearing on appellant's petition was continued to February 8, 1939, at which time the court commenced to receive evidence on the issues presented. On March 15, 1939, appellant filed with the clerk of the court a written notice to enter the dismissal of his petition for the probate of the destroyed will. On March 20, 1939, the court made the following order: ''Hearing resumed from March 16, 1939, all parties present as heretofore. Argument resumed and concluded and the court finds that the filing of a dismissal of the petition of Frederick R. Ahlborn with the clerk was ineffectual for any purpose and that the petition to probate the alleged destroyed will of Louie E. Raymond fails to meet the requirements of section 350 of the Probate Code and for that reason the probate of the will is denied.'' On April 20, 1939, the court made and filed findings of fact and conclusions of law and entered a formal order denying appellant's petition. Appeals have been taken from the orders of March 20, 1939, and April 20, 1939.

By his notice of dismissal, which was addressed to the clerk of the court, appellant unquestionably sought to dismiss his petition under the provisions of subdivision 1 of section 581 of the Code of Civil Procedure. This section contains five different subdivisions providing the conditions under which civil actions may be dismissed and the methods for bringing about the dismissals. The first part of the section reads as follows: ''An action may be dismissed, or a judgment of nonsuit entered, in the following cases: 1. By the plaintiff, by written request to the clerk, filed with the papers in the case, or by oral or written request to the justice where there is no clerk, at any time before the trial, upon payment of the costs of the clerk or justice; provided that a counterclaim has

not been set up, or affirmative relief sought by the cross-complaint or answer of the defendant. If a provisional remedy has been allowed, the undertaking shall upon such dismissal be delivered by the clerk or justice of the peace to the defendant who may have his action thereon.'' An action is defined in section 22 of the Code of Civil Procedure as follows: ''An action is an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense.'' A petition for the probate of a will marks the first step in a special proceeding. It does not mark the commencement of an ordinary proceeding by which ''one party prosecutes another''. ■ Proceedings for the settlement of estates are not civil actions; they are special proceedings *in rem* and are covered by the provisions of the Probate Code rather than by the rules applicable to civil actions generally. (*Estate of Olcese,* 210 Cal. 262 [291 Pac. 193]; *Estate of Dolbeer,* 153 Cal. 652 [96 Pac. 266, 15 Ann. Cas. 207]; *Estate of Joseph,* 118 Cal. 660 [50 Pac. 768].)

■ Subdivision 1 of the section under consideration provides that the action may be dismissed before the trial by the *plaintiff* when no affirmative relief has been sought by the defendant. It is noteworthy that one who files a petition for the probate of a will is not designated as a plaintiff. If opposition be filed to the probate of a will it is expressly provided by section 371 of the Probate Code that ''the contestant is plaintiff and the petitioner is defendant''. Two distinct though connected proceedings are before the court in cases of contests of wills before probate. One involves the petition of the proponent for the admission of the will to probate and the other involves a contest based on written grounds of opposition filed by the contestant, who becomes the plaintiff referred to in the Probate Code. (*Estate of Cullberg,* 169 Cal. 365 [146 Pac. 888].) One who presents a will for probate is in no sense a ''plaintiff'' in an ''action'' such as is contemplated by subdivision 1 of section 581 of the Code of Civil Procedure. The decisions in *Estate of Cook,* 205 Cal. 581 [271 Pac. 1083], and *Estate of Knauft,* 59 Cal. App. 536 [211 Pac. 29], relied upon by appellant, are not determinative of the issue. In both of these cases contests had been filed and the contestants, who were in the position of plaintiffs, ob-

tained dismissals of their contests, not under subdivision 1 of section 581, but under subdivision 4 of this section by directing motions to the court.

■ The nature of a proceeding for the probate of a will is such that the proponent of the will may not withdraw his petition at his option. It is provided in section 320 of the Probate Code that the custodian of a will must within thirty days after being informed that the maker of the will is dead deliver it to the clerk of the court or to the executor named in the will. Neither the custodian nor the executor has the right to withhold a will properly executed from admission to probate. They may withdraw from any individual interest in the will but the interests of others, including the state, must be protected. The proponent may not withdraw his personal interest in a will in such manner as to cause the proceedings to fail and the provisions of the will to become nullified. Other parties, heirs at law, devisees and creditors, all have interests in the provisions of the will which cannot be denied by the desire of the proponent of the will to withdraw it from probate. The state is especially interested, since in many instances the amount collectible for taxes varies in accordance with the provisions of the will. When anyone files a petition for the probate of an alleged will he institutes a proceeding *in rem* and the court thereupon becomes vested with jurisdiction to determine whether the proposed will has been properly executed and, if it be found valid, to settle the affairs of the estate in accordance with its provisions. Neither the proponent of a will nor a party filing a contest to the petition for probate can divest the court of its jurisdiction to settle the issues presented by the petition. A petitioner cannot suppress a will before it is offered for probate, nor can he bring about the same result by withdrawing his petition after the will is offered for probate. (*In re Glover's Estate,* 104 Neb. 151 [175 N. W. 1017, at 1019] ; *In re Hinton's Will,* 180 N. C. 206 [104 S. E. 341, 345] ; *In re Tressidder's Estate,* 70 Wash. 15 [125 Pac. 1034, 1037] ; *In re Lasak's Will,* 131 N. Y. 624 [30 N. E. 112, 113].)

Following the usual procedure the court made and filed its findings of fact and conclusions of law, followed by the written order of April 20th. If the order of March 20th was, as is contended by appellant, a final determination of the subject-matter, it is apparent that he could not be aggrieved by the

signing of the later order, which did not alter the effect of the minute order previously made.

The orders are affirmed. Respondent shall recover costs on appeal from appellant.

Moore, P. J., and McComb, J., concurred.