[Sac. No. 2307.   Department One.—November 18, 1915.]

In the Matter of the Estate and Guardianship of HENRY SCHULMEYER, Sr., an Incompetent Person.   HENRY SCHULMEYER, Sr., Appellant, v. NEIL R. McALLISTER, Respondent.

GUARDIANSHIP OF INCOMPETENT PERSON—STATUTORY DEFINITION OF INCOMPETENT.—The state of mental abnormality justifying the appointment of a guardian of an incompetent person in California is defined by the statutes, and particularly by section 1767 of the Code of Civil Procedure, and the decisions in other jurisdictions are not controlling therein.

ID.—FINDING OF INCOMPETENCY—CONFLICTING EVIDENCE—FINDING SUSTAINED ON APPEAL.—The finding of the trial court upon the question of incompetency, in support of which there is conflicting testimony, will not be disturbed on appeal if there is testimony on which the court could make such finding, although a contrary finding might well have been made on the evidence before the court.

ID.—SUFFICIENCY OF EVIDENCE.—The evidence of incompetency before the court is held sufficient to support a finding that the incompetent was so far impaired as to his mental faculties as to make him incapable of taking care of his property and to render him "likely to be deceived or imposed upon by artful or designing persons."

ID.—FINDING OF ULTIMATE FACT SUFFICIENT—RECITALS AS FINDINGS.— If it be assumed that findings are required, the recital in the order appointing the guardian that the ward is incompetent is a sufficient finding of the ultimate fact, in view of the definition of the term in section 1767 of the Code of Civil Procedure.

ID.—PETITION BY FRIEND—QUALIFICATIONS OF FRIEND.—The fact that the person initiating the proceedings for the appointment of the guardian as a friend was acquainted with the alleged incompetent and was the guardian of his son, gives him sufficient interest to justify his making the application as a friend.

ID.—JURISDICTION—NOTICE TO INCOMPETENT—RECITAL IN ORDER PRESUMED IN ABSENCE OF CONTRARY SHOWING.—In the absence of a showing in the record that the incompetent was not notified as required by section 1763 of the Code of Civil Procedure, the recital in the order appealed from that the matter "came on regularly for hearing this day" compels the presumption that the notice necessary to confer jurisdiction was actually given.

ID.—EVIDENCE—HEARSAY—MOTION TO STRIKE OUT—CROSS-EXAMINATION. A party eliciting hearsay evidence on cross-examination is not entitled to have the same stricken out on motion, when the witness gave no testimony on the point in his direct examination.

ID.—OPINION OF WITNESS—HARMLESS ERROR.—Although evidence of a witness that she had noticed the incompetent's "inability to take care of himself" should properly have been stricken out as constituting the opinion of the witness upon the ultimate fact, the ruling is not prejudicial when the witness afterward testified to the facts on which she based the conclusion, as it can hardly be supposed that the court gave to the opinion any greater weight than was justified by the specific facts.

ID.—NOT DIRECTED TO ULTIMATE ISSUE.—Testimony of a physician that he did not consider the incompetent capable of reasoning upon a business proposition is not open to the objection that it purports to pass upon the ultimate issue of incompetency which involves a question of law and fact.

ID.—SCOPE OF EXPERT OPINION IN TESTIMONY AS TO MENTAL CONDITION. Expert witnesses in testifying upon the question of mental condition may state the nature and extent of the mental deficiency, and are not restricted to a mere declaration that the person is or is not of unsound mind.

ID.—SHOWING AS TO OWNERSHIP OF PROPERTY.—A showing that the incompetent owned a half interest in a butcher business is a sufficient showing of an ownership of property to justify the court in concluding that a guardian should be appointed to care for his interest.

APPEAL from an order of the Superior Court of Sacramento County.   J. E. Prewett, Judge presiding.

The facts are stated in the opinion of the court.

Driver & Driver, for Appellant.

Lee Gebhart, for Respondent.

SLOSS, J.—This proceeding was instituted in the superior court of Sacramento County to have a guardian appointed for Henry Schulmeyer, Sr., an alleged incompetent. The court, after a hearing, made its order appointing Neil R. McAllister guardian of the person and estate of Schulmeyer. From this order Schulmeyer appeals.

The appellant contends with much vigor that the evidence is insufficient to support the conclusion that Schulmeyer was mentally incompetent to such extent as to authorize the appointment of a guardian. We need not enter upon a discussion of the law defining the degree of mental deficiency or aberration which must exist in order to justify an order like the one here complained of. As was pointed out by us in the recent case of *Matter of Coburn,* 165 Cal. 202, [131 Pac. 352], the decisions in other jurisdictions are not of controlling force here. In this state the law on the subject is declared by our statutes (Code Civ. Proc., sec. 1763 et seq.), which define the conditions warranting the appointment of a guardian. Under these statutes, and particularly section 1767 of the Code of Civil Procedure, the appointment of a guardian is proper where it appears that the alleged incompetent is, for any reason, mentally "unable, unassisted, to properly manage and take care of himself or his property, and by reason thereof would be likely to be deceived or imposed upon by artful or designing persons."

Generally speaking, an adult person has the right to control his own person and affairs, and that right should not be taken from him, except upon a showing of the statutory grounds warranting a restriction of his liberty of action for his own protection. Where, however, there is any substantial conflict of testimony, the solution of that conflict must, in this class of cases as in any other, rest with the trial court. The conclusion reached by that court, after weighing opposing testimony and considering the different inferences which may be drawn from undisputed testimony, is not open to review on appeal. While a finding against the allegations of the petition might well have been made on the record before us, we are of the opinion that there was enough to support the

action of the trial court in finding Schulmeyer to be incompetent within the meaning of the statute, and in appointing a guardian of his person and estate.

Briefly stating the evidence, it appears that Schulmeyer, at the time of the proceeding in the court below, was about eighty-two years of age. He had for a long time been the owner of a butcher-shop in Sacramento. During the more recent years, the business had been managed by one Harry C. White, who had been connected with Mr. Schulmeyer for over forty years. The association had begun in White's boyhood. Schulmeyer had brought him up, giving him a position in the business at an early age, and gradually increasing his duties and responsibilities until he was virtually in sole control. In addition to the butcher-shop and business, Schulmeyer had acquired several parcels of real estate in Sacramento. The appellant had a son, Henry Schulmeyer, Jr., who was about twenty years old at the time of the hearing.

White testified that he was a partner of Schulmeyer, Sr., in the butcher business. It also appeared that the appellant had on two occasions, in 1902 and 1912, executed deeds to White, conveying the real estate owned by him. While the testimony is not entirely clear on the point, it may fairly be inferred that the later deed conveyed the property to White and to the appellant's son in equal shares. At any rate, White does not, so far as this record shows, claim more than a one-half interest. At different times, Schulmeyer, Sr., executed two deeds of trust of some of his real estate to secure loans of ten thousand dollars and fifteen thousand dollars, respectively, made by the Sacramento Bank, and another deed of trust on other property to secure loans of twenty thousand dollars.

Witnesses on both sides testified to the great forgetfulness of the appellant. Two physicians were called by the petitioner. Both had examined Mr. Schulmeyer. One testified that "his age has very materially affected his mind. He has very little knowledge of present events, is forgetful, has delusions." The other said that "he had a natural degeneracy of an aged person. It is quite pronounced mentally and physically. He is not able to care for himself perfectly at all times." Mr. Schulmeyer himself took the stand. His own testimony showed that his memory was greatly impaired. He did not clearly recall having made any deeds to Harry White

nor did he remember having signed any mortgages or deeds of trust to any bank.

Without stating the testimony which points in the opposite direction, we think that what we have detailed shows sufficient to justify the conclusion of the court below. The court had the advantage, not only of seeing and hearing the other witnesses, but of observing the appellant himself, and was in a far better position than we could be to determine his mental condition. With the witnesses before it testifying to the facts above set forth the court had the right to conclude that the appellant's mental faculties were impaired to such an extent as to make him incapable of taking care of his property and to render him "likely to be deceived or imposed upon by artful or designing persons." While the evidence is not so complete as was that in the *Matter of Coburn,* 165 Cal. 202, [131 Pac. 352], the views expressed in that case are applicable here, and force the conclusion that the finding of incompetency must be upheld.

The other points made by the appellant require only brief notice. The order recites that it appears that Henry Schulmeyer, Sr., is incompetent and that he has property in the county of Sacramento. In view of the definition of the term "incompetent" contained in section 1767 of the Code of Civil Procedure, the recital in the order is a sufficient finding of the ultimate fact, even if it be assumed that findings were required.

The petition for the appointment of a guardian may be made by "any relative or friend." (Code Civ. Proc., sec. 1763.) McAllister filed the petition as a friend of the alleged incompetent. It is objected that the evidence shows that he was not such a friend. We need not consider how far this objection, if it were well founded in fact, would affect the validity of the appointment. The court is not bound to name the petitioner, but may appoint any proper person guardian. (*Guardianship of Sullivan,* 143 Cal. 462, [77 Pac. 153].) Be that as it may, it appeared here that McAllister was acquainted with Mr. Schulmeyer, Sr., and that he was the guardian of his son, Henry Schulmeyer, Jr. We think this gave him sufficient interest to justify his making the application as a friend of the appellant.

It is claimed that the court was without jurisdiction to appoint a guardian for the reason that the appellant was not

served with notice of the time and place of hearing, as required by section 1763 of the Code of Civil Procedure. Such service is no doubt essential (*McGee* v. *Hayes*, 127 Cal. 336, [78 Am. St. Rep. 57, 59 Pac. 767]), but the appellant has failed to incorporate in the record any showing of a want of service. In the absence of anything to the contrary, the recital in the order appealed from, that the matter "came on regularly for hearing this day," must be presumed to be true.

In the petition it was stated that the income of the Schulmeyer property was about two hundred dollars per month. In his direct examination the petitioner gave no testimony on the point, but on cross-examination stated that he based his opinion regarding the income on information obtained from Henry Schulmeyer, Jr., "plus my knowledge of the business generally." The appellant moved to strike out this testimony on the ground that it was hearsay. The motion was denied. The ruling was not erroneous. The witness had not undertaken to testify on the point in chief. His answer on cross-examination was evidently brought out by the appellant himself. Having elicited such answer by his own inquiry, the appellant was not entitled to have it stricken out.

The witness Ethel Hanrahan testified that she had noticed Mr. Schulmeyer's "inability to take care of himself." A motion to strike this out was denied. The answer was improper, as it constituted the opinion of the witness upon the ultimate fact to be determined. (*Estate of Taylor*, 92 Cal. 564, [28 Pac. 603]; *In re Coburn*, 11 Cal. App. 604, 621, [105 Pac. 924].) But the ruling was not, we think, substantially prejudicial. The portion of the witness' testimony which followed her declared opinion that Schulmeyer was unable to take care of himself set forth the facts upon which she based her conclusion and, in effect, qualified that conclusion. Her further testimony was to the effect that while Schulmeyer was staying at her house, a period of four days, "he would wander around the house in a sort of lost condition and ask to be helped." The fact was of slight importance, but it was proper as testimony bearing upon the main issue. It can hardly be supposed that the court gave to her opinion any greater weight than was justified by the specific facts on which the opinion was based.

One of the physicians called by the petitioner was permitted to testify that he did not believe the appellant "capable of

going into any business proposition to any depth. I don't believe that he could reason any business proposition.'' This testimony was not open to the objection which, as we have just said, should have excluded the opinion of Ethel Hanrahan. It did not purport to pass upon the ultimate issue of competency or incompetency—an issue which involves questions of law as well as of fact. Expert witnesses may give their opinions concerning the mental condition of a person. They are not restricted to the mere declaration of an opinion that the person is or is not of sound mind, but may state the nature and extent of the deficiencies, if any, which they believe to exist. (3 Wigmore on Evidence, sec. 1958.) We think this rule, which is supported by a strong, though not uniform, current of authority, was not transgressed by the admission of the testimony under discussion.

There is no merit in the contention that petitioner failed to show that Schulmeyer owned any property. The evidence was that the appellant owned a half interest in the butcher business. This was property, and the court was authorized to conclude that a guardian should be appointed to look after Schulmeyer's interest, notwithstanding the testimony of White that the goodwill was of no value, and that he had been desirous of closing up the business.

No other points are made.

The order is affirmed.

Shaw, J., and Lawlor, J., concurred.