[Sac. No. 2528. Department Two.—March 16, 1917.]

In the Matter of the Guardianship of the Person and Estate of JOSEPHINE H. CROCKER, an Incompetent Person. JOSEPHINE B. FREEMAN, Petitioner and Appellant; W. T. PHIPPS, Petitioner and Respondent.

GUARDIAN OF INCOMPETENT PERSON—STRANGER IN BLOOD MAY BE PREFERRED—DISCRETION.—Under section 1763 et seq. of the Code of Civil Procedure, the court has discretionary power, in appointing a guardian of the estate of an incompetent woman, to appoint a nonrelative of the incompetent who was familiar with her business affairs, rather than a cousin who was the nominee of all her relatives.

ID. — EVIDENCE — LETTER OF FORMER GUARDIAN REQUESTING APPOINTMENT OF SUCCESSOR—IMMATERIAL ERROR.—On the hearing for the appointment of such guardian, it is harmless error to admit in evidence a writing made by the deceased husband of the incompetent, at a time when he was her guardian, in which he requested the court, upon his death, to appoint such nonrelative as the guardian, where previous oral testimony as to the husband's preference had been given without objection.

APPEAL from a judgment of the Superior Court of Sacramento County appointing a guardian of the estate of an incompetent person. Malcolm C. Glenn, Judge.

The facts are stated in the opinion of the court.

D. E. Alexander, John O'Donnell, and Alexander & O'Donnell, for Appellant.

W. T. Phipps, *in pro. per.*, for Respondent.

MELVIN, J.—For about twelve years before he died Calvin E. Crocker was the guardian of the person and estate of

his wife, Josephine H. Crocker, an incompetent person.   For
several years prior to his death, which occurred in January,
1916, Mr. Crocker had been an invalid and during that time
much, if not all, of the business connected with the estate of
his wife was committed to the management of Mr. W. T.
Phipps, an attorney at law, whose offices are at Sacramento.
After Mr. Crocker's death Mr. Phipps petitioned for letters
of guardianship of the person and estate of Josephine H.
Crocker, and a similar petition was filed by Josephine B.
Freeman, a cousin of the incompetent, who is the nominee of
all of the relatives of said Josephine H. Crocker.   The court
heard both petitions at the same time and appointed Mrs.
Freeman guardian of the person and Mr. Phipps guardian
of the estate of Mrs. Crocker. . From that part of the judg-
ment appointing Mr. Phipps an appeal is taken by Mrs.
Freeman.

· The court admitted in evidence a writing made by Calvin
E. Crocker dated January 18, 1912, by which he requested
the proper court, upon his death, to appoint W. T. Phipps
guardian of Mrs. Crocker.   The admission of this instrument
is specified as error.   It must be conceded, of course, that a
guardian has no statutory right to nominate his successor
who shall take his place upon said guardian's death, but we
do not see that appellant was harmed by the admission of
this instrument.   She objected to the receiving of it in evi-
dence but Mr. Oatman, who identified the signature and told
of the execution of the writing, testified without objection
to the essential fact set forth therein, namely, that Mr.
Crocker preferred Mr. Phipps as his successor; and he added
that this preference existed because of the lawyer's famili-
arity with the affairs of the incompetent's estate and because
Mr. Crocker did not want her relatives to have any control
of his wife's property.   After this testimony had been given
without objection, the document was offered in evidence and
then appellant's counsel objected for the first time.   If the
court erred, therefore, in admitting the writing, no serious
injury was inflicted upon appellant.

It is the theory of appellant that the court abused its dis-
cretion in appointing a stranger and in refusing to ratify the
choice of all of the incompetent person's kinsfolk.   Appel-
lant's counsel concede that no statute compels a court thus
to select a guardian from the relatives of the ward, but her

counsel say that "analogies of the law" should have governed the court's action, and that the rules prescribed for granting letters upon estates of deceased persons should have been followed.

To this objection the obvious answer is that even if we regard Mr. Phipps as a "stranger" to Mrs. Crocker in the sense that he did not know her very well personally, the evidence showed without conflict that he was familiar with her business affairs—probably more so than any other person; and the equally obvious reply to the argument in favor of "analogies of the law," is that such analogies have not impelled the legislature to adopt them. Sections 1763 et seq. of the Code of Civil Procedure prescribing the methods to be followed in matters of guardianship of insane and incompetent persons, and the powers of the courts in such proceedings, give a broad discretion quite analogous to that vested in courts of chancery to conserve the best interests of their wards. This court has held valid and proper the appointment of a stranger as guardian of the person and estate of an incompetent who was a married man and preferred, if a guardian of his person was to be appointed, that his wife should be selected. (*Matter of Coburn*, 165 Cal. 202, 218, [131 Pac. 352].) Undoubtedly the fact that petitioner Phipps was acquainted with Mrs. Crocker and familiar with the affairs of her estate gave him sufficient standing to justify his application as "a friend" of the incompetent person. (*Estate of Schulmeyer*, 171 Cal. 340–344, [153 Pac. 233].) The only duty of the court is to select a proper person for a guardian. (*Halett* v. *Patrick*, 49 Cal. 590; *Guardianship of Sullivan*, 143 Cal. 462, [77 Pac. 153].) And we find nothing in this record to justify even a suspicion that the court violated its discretion in bestowing the appointment upon Mr. Phipps. In this behalf appellant, while disclaiming any reflection upon the character or capacity of Mr. Phipps, suggests that his intimate business relations with Mr. Crocker during that gentleman's later years should have governed the court, and should have impelled a refusal to appoint him guardian of an estate having claims against the estate and property of Calvin E. Crocker, deceased. There is no force in this suggestion. This record discloses the fact that Mr. Phipps was employed about the affairs of this very estate of which he now assumes guardianship under the court's

order. There is nothing to indicate that he was ever concerned with other or conflicting interests. We must assume that he is not an attorney for the executor of decedent's estate, because, naturally, the court would not appoint him guardian of Mrs. Crocker's estate if he were. We see no reason to disturb the court's action in any particular.

The judgment is affirmed.

Henshaw, J., and Lorigan, J., concurred.