[S. F. No. 8737. Department Two.—October 31, 1918.]

## In the Matter of the Estate and Guardianship of SALVADOR ESPINOSA, an Incompetent Person.

GUARDIANSHIP — NOTICE OF HEARING — SERVICE OF CITATION — TIME.— Jurisdiction to appoint a guardian of the person and estate of an incompetent person is acquired under section 1763 of the Code of Civil Procedure, which provides that the alleged incompetent must be given notice of the time and place of the hearing not less than five days before the appointed time, where the hearing is fixed for the twenty-eighth day of a month, and service of the citation made on the twenty-third day of the same month.

ID.—SUFFICIENCY OF CITATION.—A citation which designates a time and place for the alleged incompetent to appear and show cause why the applicant or some other fit and proper person should not be appointed guardian of his person and estate according to the petition on file, sufficiently complies with section 1707 of the Code of Civil Procedure, providing that the citation shall contain a brief statement of the nature of the proceeding.

ID.—SUFFICIENCY OF NOTICE — RECITAL IN ORDER.—The recital in an order appointing a guardian of the person and estate of an incompetent person that the matter came on regularly to be heard is sufficient to establish that proper notice had been given, in the absence of a showing to the contrary.

ID.—CODE PROVISIONS APPLICABLE.—Jurisdiction of a proceeding for the appointment of a guardian of an incompetent person is governed by section 1763 et seq. of the Code of Civil Procedure, and not by section 1747 of said code, which relates to guardians of minors.

ID.—ULTIMATE FACT—SUFFICIENCY OF FINDING.—The recital in an order appointing a guardian of the person and estate of an incompetent person that the person is an incompetent person, as alleged in the petition, and that the allegations of the petition are true, is a sufficient finding of the ultimate fact.

ID.—APPEAL—REGULARITY OF ORDER—PRESUMPTIONS.—On an appeal from an order appointing a guardian of the person and estate of an incompetent person all intendments and presumptions are in favor of the regularity and propriety of the order.

APPEAL from an order of the Superior Court of Monterey County appointing a guardian of the person and estate of an incompetent person. J. A. Bardin, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. W. Hocker, and Z. B. Stuart, for Appellant.

R. C. McComish, and C. F. Lacey, for Respondent.

MELVIN, J.—Upon petition of his brother, Salvador Espinosa was adjudged incompetent, and George S. Gould, Jr., was appointed guardian of his person and estate. From the order and decree adjudging him incompetent Espinosa appeals.

There is neither a reporter's transcript nor a bill of exceptions on file, the record consisting of the clerk's transcript alone. In appellant's brief appears a purported "Statement of the Case," which we must ignore except where it finds support in the clerk's transcript. Appellant makes three contentions in his brief. These are as follows: 1. The court failed to acquire jurisdiction of the matter. 2. There was no formal adjudication of incompetency. 3. The court abused its discretion in appointing Mr. Gould.

Under the first head appellant contends that service of the citation on February 23, 1918, did not give the court the right to hear the matter on the 28th of the same month. Section 1763 of the Code of Civil Procedure provides that the alleged incompetent person must be given notice of the time and place of the hearing "not less than five days before" the appointed time. Appellant's counsel assert the rule to be that where a statute requires an act to be done a given number of days *before* an event, the time must be reckoned by excluding the day of the act and the day of the event. Whatever may be the law in other jurisdictions it is settled in California adversely to appellant's contention. (*Cosgriff* v. *Board of Election Commrs.*, 151 Cal. 407, [91 Pac. 98].)

Appellant also denies the court's jurisdiction because of the alleged insufficiency of the citation to inform him of the contents of the petition. The citation designated a time and place for appellant to appear before the court "then and there to show cause" why Manuel Espinosa, or some other fit and proper person, should not be appointed guardian of his person and estate, according to the "petition on file." This was a sufficient compliance with section 1707 of the Code of Civil Procedure, which provides that the citation shall contain "a brief statement of the nature of the proceeding." But even if a more formal notice were required under our law, we

would be bound to hold that it had been given and that jurisdiction had been obtained for all purposes, in the absence of a showing to the contrary, because in the order appointing a guardian there is a recital that the matter "came on regularly to be heard." (*Estate of Schulmeyer,* 171 Cal. 340, [153 Pac. 233].)

There is no merit in the contention that the jurisdiction of the court depends upon compliance with the requirements of section 1747 of the Code of Civil Procedure. That section relates to guardians of minors. The law on the subject of guardians of incompetent persons is set forth in section 1763 et seq. of the Code of Civil Procedure. (*Matter of Coburn,* 165 Cal. 202, [131 Pac. 352] ; *Estate of Schulmeyer, supra.*)

Appellant's theory that error was committed by the court in omitting to make formal findings is not correct. There is sufficient finding of the ultimate fact in the recital contained in the order appointing the guardian that "said Salvador Espinosa is an incompetent person as alleged in the petition and that the allegations of the petition are true." Authority last cited above is conclusive upon this point.

There is absolutely no support for the appellant's final assertion that the court abused discretion in the appointment of Mr. Gould instead of the petitioner, who was appellant's brother. In the absence of a transcript of the testimony and proceedings before the court, of course, there could be no successful attempt to establish abuse of discretion, because all intendments and presumptions are in favor of the regularity and propriety of the order.

The judgment and the order appointing a guardian are affirmed.

Wilbur, J., and Angellotti, C. J., concurred.