[L. A. No. 5548.   Department One.—December 2, 1918.]

## In the Matter of the Estate and Guardianship of MARY JANE COWPER, an Incompetent Person.

GUARDIANSHIP—INCOMPETENT PERSON—SUFFICIENCY OF EVIDENCE.—In this proceeding wherein it was sought to have a guardian appointed for the estate of an alleged incompetent person, it is held that there was sufficient evidence to justify the order appointing the guardian, and that in view of the superior opportunity of the trial judge to estimate the weight and value of such evidence, and especially to determine the mental and physical condition of the alleged incompetent from personal observation and from her extended examination in his presence, the result of the exercised discretion, in the absence of any showing of abuse, will not be disturbed.

APPEAL from an order of the Superior Court of Los Angeles County appointing a guardian of the estate of an incompetent person. Frederick W. Houser, Judge. Affirmed.

The facts are stated in the opinion of the court.

Isidore B. Dockweiler and J. Wiseman Macdonald, for Appellant.

W. N. Goodwin and Wm. J. Variel, for Respondent.

RICHARDS, J., *pro tem.*—This is a proceeding wherein it was sought to have a guardian appointed for the estate of Mary Jane Cowper. The petitioner was her sister, Margaret A. Saunders. The petition was opposed by Mary Jane Cowper herself, supported by another sister named Mrs. Julia Brown. The petitioner averred that Mary Jane Cowper was the owner and in possession of certain real and personal property in the city and county of Los Angeles, of considerable value and income; that she was of the age of fifty-two years, unmarried, and for several years last past had been, and then was, in delicate health, and by reason thereof had been, and then was, mentally incompetent to manage or properly take care of her said properties. The petition asked for the appointment of the Title Insurance and Trust Company of Los Angeles as the guardian of her said estate. The opposition to the petition denied its averments as to the ill health or in-

competency of Mary Jane Cowper. The matter came on for hearing before the court upon this single issue on July 25, 1917, the parties supporting and opposing the petition being present in court and respectively represented by able counsel. The hearing occupied three days, during all of which time Mary Jane Cowper was present in court, and during a considerable period on two of said days was upon the witness-stand and was subjected to the observation of the court and to a very careful and thorough examination as to her mental and physical condition. The respective members of the family supporting and opposing the petition were examined at length, as were also numerous witnesses familiar with her life history. After such hearing, observation, and examination, the court took the matter under advisement for some time, after which, and on September 11, 1917, its findings of fact and conclusions of law were filed, wherein the court found "that the said Mary Jane Cowper is not insane, but that she is incompetent because, by reason of weakness of mind, she is unable unassisted to properly manage and take care of her property, and by reason thereof would be likely to be deceived or imposed upon by artful or designing persons." The court accordingly appointed the Los Angeles Trust and Savings Bank guardian of the estate; and from its order to that effect this appeal has been taken.

The sole matter discussed in the briefs of counsel upon this appeal is the sufficiency of the evidence to sustain the foregoing finding and order of the trial court. Some authorities are cited on behalf of the appellant upon the value of expert evidence with which this court has no quarrel, but which would be more persuasively directed to the trial court, since they relate to the weight of such evidence. Our attention is also called to the case of *Matter of Coburn*, 165 Cal. 202, [131 Pac. 352], which in some of its features resembled the case at bar, and in which the order of the trial court appointing a guardian was upheld. The test of competency declared by this court in that case was evidently the one adopted by the trial court in the instant case, since its finding follows the precise wording of the former decision. We are also referred to the *Estate of Schulmeyer*, 171 Cal. 342, [153 Pac. 233], in which the language of this court in the Coburn case as to the proper test of incompetency was approved, and in which also the order of the trial court appointing a guard-

ian was affirmed.  In this latter case this court very aptly said that the trial court had the advantage not only of hearing and seeing the other witnesses, but of observing the appellant himself, and was in a far better position than we could be to determine his mental condition.  The *Matter of Estate of Watson*, 176 Cal. 342, [168 Pac. 341], is also cited as being a case in which this court reviewed the evidence and found it insufficient to sustain the order for a guardian's appointment; but a comparison of that case with the instant case disclosed quite a difference between its facts and those of the case at bar.

Without undertaking to recite at length the testimony presented in the instant case, we are satisfied from a careful examination of the record that there was sufficient evidence before the court to justify its order, and that in view of the superior opportunity of the trial judge to estimate the weight and value of such evidence, and especially to determine the mental and physical condition of the alleged incompetent from personal observation and from her extended examination in his presence, we are not disposed to interfere with the result of its exercised discretion, in the absence of any claim or showing that such discretion has been abused.

Order affirmed.

Sloss, J., and Victor E. Shaw, J., *pro tem.*, concurred.

Hearing in Bank denied.