[L. A. No. 8750. In Bank.—February 10, 1926.]

In the Matter of the Estate of EDWARD L. REED, an Incompetent Person. EMILY L. REED et al., Respondents, v. EDWARD L. REED, Appellant.

[1] GUARDIAN AND WARD—FINDING OF INCOMPETENCY—EVIDENCE—APPEAL.—In a proceeding for the appointment of a guardian of the estate of an alleged incompetent person, the finding of the court on the question of incompetency, like the findings of trial courts on disputed questions of fact in ordinary cases, is not to

1.  See 14 Cal. Jur. 360.

be overturned on appeal unless it totally lacks the support of substantial evidence; and in this proceeding the testimony of lay witnesses as to the acts and conduct of the alleged incompetent, coupled with the evidence of medical witnesses as to his physical and mental condition, was sufficient to warrant the finding of incompetency.

[2] ID.—RIGHT OF ADULT TO CONTROL OWN AFFAIRS—GROUNDS FOR RESTRICTION OF LIBERTY—EVIDENCE—FINDINGS—APPEAL.—While an adult person has the right to control his own person and affairs, and that right should not be taken from him except upon a clear showing of the statutory grounds warranting a restriction of his liberty of action for his own protection, the conclusion reached by the trial court, after weighing opposing testimony and considering the different inferences which may be drawn from all the testimony, is not open to review on appeal.

(1) 32 C. J., p. 631, n. 91.    (2) 32 C. J., p. 662, n. 62.

APPEAL from an order of the Superior Court of Los Angeles County appointing a guardian of the estate of an alleged incompetent. Frank R. Willis, Judge. Affirmed.

The facts are stated in the opinion of the court.

Hughes & Miller and Harold Aubry Miller for Appellant.

Bertin A. Weyl and T. C. Gould for Respondent.

WASTE, C. J.—After proceedings for that purpose duly had, Edward L. Reed was declared to be incompetent, and incapable and unable, unassisted, to manage and take care of his property. From the order appointing the Security Trust and Savings Bank, a corporation, guardian of his estate, Reed has appealed. His sole contention is that the evidence does not warrant the court in finding him to be an incompetent person.

[1] It appears from the record that, before the hearing on the petition for the appointment of a guardian, Reed was adjudged by the superior court of Los Angeles County to be mentally sick and was placed in charge of the psychopathic parole officer of the county. At the time of the proceedings in the court below he was confined in a private sanitarium. A number of witnesses, including three medi-

2.  See 14 Cal. Jur. 357.

cal practitioners, testified in support of the petition. In addition to appellant, two lay witnesses and two medical witnesses were called in his behalf. In brief, the evidence is to the effect that, for about two years before the hearing in the court below, the appellant, a man now nearly seventy years of age, acted very strangely. At times he became violent, and appeared to be getting worse. His married life of some twenty years was pleasant, and he was devoted to his wife and to their son, but his attitude toward them changed. At times he became angry, chased his wife "all around the table, showing his teeth, and his eyes bulging, like he was just going to claw [her] with his teeth, and he cursed [her] unmercifully." On these occasions "his face was flushed, very red, and the veins protruded . . . During the last two years he had those spells very often." When the family was away he went to live at another place, and refused to return home. Finally he began lavishing his money on women who were not members of his family and who had no call on his benevolence.

In a case involving a question of the sufficiency of the evidence to warrant a finding of incompetency by the trial court, this court said: "It is unnecessary to enlarge upon the rule, so long settled and so well known as to be axiomatic, that the findings of the trial court upon disputed issues of fact are not to be overturned on appeal, unless they totally lack the support of substantial evidence. That rule is as applicable to a case of this character as to any other. It requires us to uphold the assailed finding if there is in the record evidence, which, with the aid of all inferences reasonably to be drawn from it, tends logically to establish the conclusion embodied in the finding." (*Matter of Coburn,* 165 Cal. 202, 212 [131 Pac. 352].) Aside from the testimony of the witnesses, which we have so briefly stated, there was the evidence of the medical witnesses who testified that the appellant showed mental deterioration, had hardening of the arteries in the brain, and was suffering from senile dementia. In their opinion the appellant was insane and incompetent, and liable to be imposed upon by artful and designing persons. The testimony of these witnesses was based upon their personal observation and examination, had in connection with the lunacy commission before which the appellant was examined, and the history

of appellant's case. The testimony of the witnesses for the appellant, at variance with that of the witnesses who testified in support of the petition for the appointment of the guardian, merely raised a conflict in the evidence. The effect of the testimony of the medical witnesses who examined and who testified in behalf of the appellant was so destroyed upon cross-examination as to practically amount to an admission that under some circumstances the appellant might be imposed upon by artful and designing persons in relation to his property matters.

[2] We are not unmindful, of course, of the rule invoked by appellant, that an adult person has the right to control his own person and affairs and that that right should not be taken from him except upon a clear showing of the statutory grounds warranting a restriction of his liberty of action for his own protection. But, as was said in the case cited by the appellant, where there is any substantial conflict of testimony, the solution of that conflict must in this class of cases, as in any other, rest with the trial court. The conclusion reached by that court, after weighing opposing testimony and considering the different inferences which may be drawn from all the testimony, is not open to review on appeal. (*Estate of Schulmeyer,* 171 Cal. 340, 342 [153 Pac. 233].)

The order appealed from is affirmed.

Richards, J., Lawlor, J., Seawell, J., Shenk, J., Curtis, J., and Lennon, J., concurred.