[L. A. No. 8455.   In Bank.—February 10, 1926.]

## In the Matter of the Estate of KATE C. CHAPMAN, Incompetent.

[1] APPEALS—ALTERNATIVE METHOD—FAILURE TO PRINT RECORD—RELIEF FROM STATUTORY REQUIREMENT—WAIVER OF OBJECTION.—Since the 1923 amendment of section 953c of the Code of Civil Procedure, an appellant who fails to print in his brief or in a supplement thereto such portion of the record as he desires to call to the attention of the appellate court incurs the risk that the order or judgment appealed from may be affirmed upon motion; but where the respondent makes no such motion, but prints, as a supplement to his own brief, substantially the entire record of the testimony, and the appellant has been relieved by an order of the appellate court from the requirement of said code section, due consideration will be given to the merits of the appeal.

[2] GUARDIAN AND WARD—RESTORATION TO COMPETENCY—EVIDENCE—FINDINGS—APPEAL.—On a petition for restoration to competency, where the trial court, which has the advantage not only of seeing and hearing all the witnesses, but also of observing the petitioner herself, finds upon ample evidence, that she is afflicted with a paranoiac state of mind, that such condition is incurable, that she is unable, unassisted, to properly manage and take care of herself or her property, and that by reason thereof she is likely to be deceived or imposed upon by artful and designing persons, it is the duty of the trial court to hold that she is still within the definition of an incompetent person found in section 1767 of the Code of Civil Procedure, and its findings on conflicting evidence will not be disturbed on appeal.

[3] ID.—EXPERT MEDICAL TESTIMONY—ABSENCE OF OBJECTION—APPEAL.—On appeal from an order denying a petition for restoration to competency, the appellant cannot object to the action of the lower court in permitting a certain doctor, who was appointed by the court to examine appellant and report, to testify that appellant was not competent to manage her property, where said witness testified at length as to the condition of appellant, and all his testimony was admitted without objection.

[4] ID.—STATEMENTS OF JUDGE AT ORIGINAL HEARING—IMMATERIAL EVIDENCE.—On the hearing of a petition for restoration to com-

1. See 2 Cal. Jur. 732; 2 R. C. L. 177.
2. See 14 Cal. Jur. 360.
3. See 14 Cal. Jur. 368; 11 R. C. L. 600.

petency, the statements of the judge of the superior court made in announcing his judgment from the bench, at the conclusion of the prior hearing which resulted in the appointment of a guardian of petitioner, are immaterial, and an objection thereto on such ground is properly sustained.

(1) 3 C. J., p. 1447, n. 57; 4 C. J., p. 589, n. 96.   (2) 31 C. J., p. 404, n. 49; 32 C. J., p. 675, n. 75, p. 676, n. 2 New.   (3) 3 C. J., p. 808, n. 91.   (4) 32 C. J., p. 675, n. 74 New.

APPEAL from an order of the Superior Court of Los Angeles County denying a petition for restoration to competency. Frank R. Willis, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. D. Martindale for Appellant.

Chapman & Chapman and L. M. Chapman for Respondent.

WASTE, C. J.—On February 25, 1921, Kate C. Chapman was adjudged by the superior court of the county of Los Angeles to be an incompetent person, and a guardian of her estate was duly appointed. She has now petitioned the same court to be restored to capacity, upon the theory that, since the appointment of her guardian, her mental condition has changed for the better to such an extent that she has become capable of properly managing and preserving her estate. After hearing the evidence the lower court was of the opinion, and found, that Kate C. Chapman is still incompetent and unable, unassisted, to properly manage her property. The petition was accordingly denied. It is from that order that this appeal is taken. The only point raised by the appellant is as to the sufficiency of the evidence to justify the finding of the lower court.

[1] A preliminary objection to the consideration of the appeal is urged by the respondent, who contends that the order below should be affirmed because of the failure of the appellant to comply with the mandatory provision of section 953c of the Code of Civil Procedure, that in filing briefs in an appeal the parties must print in their brief, or in a supplement appended thereto, such portion of the record

as they desire to call to the attention of the court. As we pointed out in *Estate of Berry*, 195 Cal. 354 [233 Pac. 330], since the 1923 amendment to the section, an appellant who fails to comply therewith incurs the risk that the order or judgment appealed from may be affirmed upon motion. In the present case respondent made no such motion. On the contrary, he printed, as a supplement to his own brief, substantially the entire record of the testimony. For this reason, and the further reason that appellant appears to have been relieved by an order of this court from the requirement of the section, we have given due consideration to the merits of her appeal. (See *Jeffords* v. *Young*, 197 Cal. 224 [239 Pac. 1054].)

[2] The trial court found that appellant is afflicted with a paranoiac state of mind; that such condition is incurable; that the petitioner is unable, unassisted, to properly manage and take care of herself or her property, and that by reason thereof she would be likely to be deceived or imposed upon by artful or designing persons. Appellant contends that the evidence is insufficient to support these findings. Even if it be assumed that findings were required, there is testimony in the record to give them ample support. A number of witnesses testified for the petitioner, and others testified in opposition to her prayer for restoration to competency. The testimony of these witnesses raises a direct conflict as to the competency of the appellant. It is the contention of the respondent that the testimony of the incompetent herself, when taken and read as a whole, is sufficient to support the findings made by the trial court, and that even though there were no other evidence in the record the order of the lower court should be affirmed. It would serve no useful purpose to set out in detail the testimony of the petitioner, or the other witnesses. The lower court had the advantage not only of seeing and hearing all of the witnesses, but of observing the appellant herself, and was in far better position than we could be in determining her mental condition. With the witnesses before it testifying to the facts disclosed by the record, the court could very properly conclude that appellant's mental faculties were still impaired to such an extent as to render her incapable of taking care of her property, and that she was still likely to be deceived or imposed upon by artful or designing persons. When it was satisfied that

such were the facts, it was its duty to hold that the appellant was still within the definition of an incompetent person found in section 1767 of the Code of Civil Procedure. Its finding on the conflicting evidence will not be disturbed. (*Estate of Schulmeyer,* 171 Cal. 340 [153 Pac. 233].)

[3] Complaint is made by the appellant that the lower court permitted Doctor Steddom, who was appointed by the court to examine appellant and report, to testify that the appellant was not competent to manage her property, no reason being assigned for the conclusion. The witness testified at length as to the condition of appellant, and all his testimony was admitted without opposition. It cannot be objected to at this time.

[4] Another contention of the appellant is that the lower court erred in sustaining an objection to a question propounded by appellant to a witness, as to what statements the judge of the superior court made in announcing his judgment from the bench, at the conclusion of the hearing in 1921 which resulted in the appointment of the guardian. The objection that the remarks made at the former hearing were immaterial was properly sustained.

We find no error in the record and the order of the trial court is affirmed.

Richards, J., Lawlor, J., Seawell, J., Shenk, J., Curtis, J., and Lennon, J., concurred.