[Civ. No. 11712. Second Appellate District, Division One.—April 22, 1938.]

In the Matter of the Estate and Guardianship of EMMET McCONNELL, an Incompetent Person. EMMET McCONNELL, by His Guardian *ad Litem,* etc., Appellant, v. WILMER A. HIRST et al., Respondents.

H. G. Simpson, L. R. Brigham and H. Elliot Pownall, Jr., for Appellant.

Merriam, Rinehart & Merriam, Harvey M. Parker and Paul H. Marston for Respondents.

WHITE, J.—After proceedings for that purpose duly had, Emmet McConnell was declared to be incompetent. From the order appointing William A. Cochran guardian of his person and estate, McConnell has appealed.

Appellant's first contention is that the petition by which these proceedings were initiated is fatally defective, by rea-

son of which the superior court was without jurisdiction to hear or determine the matter of his incompetency. The petition in question alleged, among other things, that Mr. McConnell was about ninety years of age; that he was suffering from cataracts, arteriosclerosis, and senile mental deterioration, "to an extent that deprives him of the ability to manage his affairs and property". Section 1461 of the Probate Code provides that any relative or friend may file a verified petition alleging that a person is insane or incompetent, while section 1460 of the same code provides as follows:

"Any superior court to which application is made as hereinafter provided may appoint a guardian for the person and estate or person or estate of an insane or an incompetent person. As used in this division of this code, the phrase 'incompetent person', 'incompetent', or 'mentally incompetent' shall be construed to mean or refer to any person, whether insane or not, who by reason of old age, disease, weakness of mind, or other cause, is unable, unassisted, properly to manage and take care of himself or his property, and by reason thereof is likely to be deceived or imposed upon by artful or designing persons."

There was no demurrer to the petition on the ground of any indefiniteness or uncertainty therein or on any other ground, and it may be doubted whether the sufficiency of its averments can properly be raised for the first time on appeal. However, as the claim here made is based on alleged want of jurisdiction, and as the question of jurisdiction may be raised at any stage of the proceedings, we will not deny appellant's right to have the order reviewed upon the question of jurisdiction. Conceding that viewed as a pleading in an ordinary action at law, the petition was possibly open to special demurrer on the ground of uncertainty or want of facts to support averments of mere conclusions, nevertheless, in proceedings of the character here involved a petition is not subjected to the test given to complaints in actions at law. (*In re Estate of Tilton*, 15 Cal. App. 244, 250 [114 Pac. 594].) The allegations of the petition were sufficient to inform the court that it should interfere for the protection of a person dependent upon it for protection. That is all that is required. When this is done, the duty devolves upon the court to inform itself by holding a hearing and taking testimony, and

then to take such action as may be deemed necessary and proper.

The second point raised by appellant is as to the sufficiency of the evidence to justify the findings of the lower court. The court found "That the said Emmet McConnell is eighty-nine years of age, is suffering from cataracts, arteriosclerosis, and senile mental deterioration to such an extent as to deprive him of the ability to manage his affairs and property and to make him a prey for artful and designing persons"; and "That the said Emmet McConnell is in need of a guardian to manage his affairs, property and person". There is testimony in the record of sufficient substantiality to give support to these findings. A medical specialist and expert in nervous and mental diseases testified that appellant was suffering from arteriosclerosis accompanied by definite senile deterioration; that this was accompanied by a memory defect, irritability and poor eyesight; that the mental deterioration of appellant was permanent and would grow progressively worse. It was the opinion of this medical expert that appellant was not competent to manage his own affairs and was in danger of being imposed upon by artful and designing persons. This opinion was based, according to the expert's testimony, upon personal observation of the alleged incompetent and upon the physical and mental condition of the latter as the same was noted by the doctor at the time of his examination. The witness also gave various other grounds upon which he predicated his opinion that appellant was incompetent. Another physician, engaged in the general practice of medicine, testified that his examination of appellant disclosed a generalized arteriosclerosis, hypertensive heart disease, arterior-sclerotic dementia, and cataracts on the eyes. This doctor also gave it as his opinion that the physical and mental condition of appellant would grow progressively worse. Other witnesses who had known appellant for a long period of time testified that in recent times he seemed more or less forgetful in handling matters, and that when appellant asked them if certain papers were in their custody and was informed they were not, he seemed hesitant about knowing just where the papers were.

It would serve no useful purpose to set out in detail the testimony of appellant or the other witnesses. Regardless of the view this court might be inclined to take from a reading

of the evidence as contained in the transcript, the trial court had the advantage of not only seeing and hearing all of the witnesses, but of observing appellant upon two different occasions and of cross-questioning him; and therefore the trial court was in far better position than we could be in determining the weight to give the evidence which was introduced and to determine the mental condition of the appellant. With the witnesses before it, testifying to the facts disclosed by the record, the court could very properly conclude that appellant's mental faculties were impaired to such an extent as to render him incapable of taking care of his property, and that he was likely to be deceived or imposed upon by artful or designing persons. The testimony of witnesses for the appellant at variance with that of the witnesses who testified in support of the petition for the appointment of a guardian, merely raised a conflict in the evidence. Before we can disturb the findings of the lower court upon the ground that they are not supported by the evidence, we must be able to conclude as a matter of law that there is no evidence at all to support the conclusions arrived at by the trial court. In a case involving the question of the sufficiency of the evidence to warrant a finding of incompetency by the trial court, the Supreme Court said (*Estate of Reed,* 198 Cal. 148, 150 [243 Pac. 674]) :

" 'It is unnecessary to enlarge upon the rule, so long settled and so well known as to be axiomatic, that the findings of the trial court upon disputed issues of fact are not to be overturned on appeal, unless they totally lack the support of substantial evidence. That rule is as applicable to a case of this character as to any other. It requires us to uphold the assailed finding if there is in the record evidence, which, with the aid of all inferences reasonably to be drawn from it, tends logically to establish the conclusion embodied in the finding.' (*Matter of Coburn,* 165 Cal. 202, 212 [131 Pac. 352].) "

We are not unmindful, of course, that an adult person has the right to control his own person and affairs, and that such right should not be taken from him except upon a clear showing of the statutory grounds warranting a restriction of his liberty of action for his own protection. But where there is any substantial conflict of testimony, the solution of that conflict must, in this class of cases, as in any other, rest with the trial court. The conclusion reached by that

court, after weighing opposing testimony, and considering the different inferences which may be drawn from all the testimony, is not open to reversal on appeal. (*Estate of Schulmeyer*, 171 Cal. 340, 342 [153 Pac. 233].)

We find no prejudicial errors in the rulings of the trial court on questions of law which arose during the proceedings.

For the foregoing reasons, the order appealed from is affirmed.

York, P. J., and Doran, J., concurred.