[Civ. No. 13131. First Dist., Div. One. Dec. 5, 1946.]

Guardianship of the Person and Estate of ANNIE GALLO-WAY LYLE, an Incompetent Person. ANNIE GALLO-WAY LYLE, Appellant, v. THE ANGLO-CALIFOR-NIA NATIONAL BANK OF SAN FRANCISCO, as Guardian, etc., et al., Respondents.

Joseph A. Brown and Reed M. Clarke for Appellant.

Carl E. Day for Respondents.

WARD, J.—The notice of appeal herein sets forth "that the above-named alleged Incompetent, Annie Galloway Lyle, does hereby appeal from the Orders and each of them, made and entered by the above-entitled court, on the 11th day of December, 1945, appointing guardians of her Person and Estate and directing Issuance of Letters of Guardianship in said matter." The notice refers to the appointment of Charlotte Cunningham as guardian of the person of "Annie Galloway Lyle, an incompetent person," and the Anglo-California National Bank of San Francisco as the guardian of the incompetent's estate. Appellant refers to Annie Galloway Lyle as Dr. Lyle. In the interest of brevity appellant's designation will be adopted.

On November 7, 1945, there was filed by H. L. McAllister, as a friend, a verified petition seeking the appointment of a guardian over the person and estate of Dr. Lyle. Also, on the same date, a citation was issued directing Dr. Lyle to appear on November 16, 1945, to show cause why H. L. McAllister should not be appointed guardian of the person and estate of the alleged incompetent. On November 16, 1945, the date set for the hearing of the McAllister petition, William D. Galloway, a resident of the State of Pennsylvania, and a cousin of Dr. Lyle, filed an unverified petition praying that the Anglo-California National Bank of San Francisco be appointed guardian of the estate, and that a suitable person be appointed guardian of the person of Dr. Lyle. The Galloway petition was not treated as a separate proceeding but was filed with the McAllister petition and given the same court number, namely, Probate No. 101214.

On November 30, the attorney for petitioner McAllister, filed with the county clerk an authorization, dated November 26, 1945, to dismiss the McAllister petition. The general rule, as stated in Code of Civil Procedure, section 581, is that a plaintiff has a right to dismiss an action before the submission of the case unless affirmative relief is prayed for

in some appropriate form of pleading. Most of the California cases assume that a pleading seeking affirmative relief is in the form of a cross-complaint, but it is not the generally designated name of the pleading which controls—the controlling factor is whether affirmative relief is requested. In *Rodgers* v. *Parker,* 136 Cal. 313 [68 P. 975], an answer to a cross-complaint prayed for affirmative relief; it was held that the cross-complaint could not be dismissed without the consent of the parties who had prayed for affirmative relief in the answer. Similarly, in *Aten* v. *Aten,* 69 Cal.App.2d 589 [159 P.2d 672], an action to cancel a property settlement agreement for declaratory relief, an answer, praying that plaintiff take nothing and averring that plaintiff had no title or interest in the property other than as provided in a certain contract was a sufficient request for affirmative relief to preclude plaintiff from dismissing the action as a matter of right. The delivery of a dismissal to the clerk of the court does not authorize the clerk to enter a dismissal of a petition or complaint if there is some pleading on file in opposition thereto which requests affirmative relief. If the attorney's authorization to dismiss, and the record of the pleadings, leave in doubt whether or not affirmative relief is sought, the entry of the authorization to dismiss is, in fact and in law, subject to judicial determination. In the present case the "authorization" was not entered by the clerk but referred to the trial judge and the matter assigned to a probate department. ■ In the absence of a desire by the attorney for McAllister to proceed, the court ordered the petition of H. L. McAllister "Off Calendar" and made no reference to the action numbered 101,214. By this procedure the probate court retained jurisdiction not only of the person, which is not controverted, but of the estate of the incompetent.

Some suggestion has been made that the order "Off Calendar" is equivalent to a dismissal. That suggestion should be disposed of at this point. A court calendar is a list of causes awaiting hearing on motion or trial. (Words and Phrases, perm. ed. 6, p. 9.) The words "Court Calendar" are sometimes used in the sense of a court docket. There are well recognized classes of calendars, such as civil, criminal, probate, ordinary, summary, short cause, small claims, default, jury, trial by court, motion, law, equity, etc. The court for good cause has discretion in the control and regulation of its calendar or docket. (64 C.J., p. 46, §§ 26 et seq.) It

is permissible for good cause to delay a trial or hearing to a later date or to drop or strike a case from the calendar, to be restored on motion of one or more of the litigants or on the court's own motion. ''Off Calendar'' is not synonymous with ''dismissal.'' ''Off'' merely means a postponement whereas a ''dismissal'' in judicial procedure-has reference to a cessation of consideration. Courts have control of pleadings in a case until a valid final judgment is rendered. (64 C.J., p. 48, § 30.)

In the present petition for guardianship the attorney who filed the petition on behalf of McAllister subsequently made a ''special appearance'' and objected to the court proceeding with the hearing on the ground that the court was without jurisdiction to proceed; that the authorization to dismiss covered the entire proceedings, including the Galloway petition. This appeal is not taken by McAllister but by the incompetent. In fairness to the attorneys it should be mentioned that in another proceeding filed in this court and assigned to this division it appears that the authorization to dismiss was filed owing to the ''marked improvement'' of Dr. Lyle.

All issues of fact joined in probate proceedings not specially provided by Probate Code procedure or by the Judicial Council, are subject to the rules of procedure in civil actions. (Prob. Code, §§ 1230-1233.) Probate Code, section 1461, provides in part: ''Any relative or friend may file a verified petition alleging that a person is insane or incompetent and setting forth the names and residences, so far as they are known to the petitioner, of the relatives of the alleged insane or incompetent person within the second degree residing in this state; notice of the nature of the proceedings and of the time and place of the hearing shall be mailed at least five (5) days before such hearing date to each of such relatives. Any relative or friend of the alleged insane or incompetent person may appear *and oppose* the petition. Thereupon the clerk shall set the same for hearing by the court and issue a citation directed to said alleged insane or incompetent person setting forth the time and place of hearing so fixed by him.'' (Italics added.) No provision for the form of the opposition is made either under the old Code of Civil Procedure, section 1763 or under present Probate Code, section 1461, or by rule of the Judicial Council.

Not until 1943 was the probate section 1461 amended authorizing ''any relative or friend'' to appear ''and oppose

the petition.'' The Galloway petition affects the same person and property upon which the McAllister petition was based. A direct issue was raised between the petitioners whether McAllister or a bank should be appointed guardian of the estate. Also, there was an issue raised as to whether McAllister or someone else should be appointed guardian of the person. There is no contention that the probate court lacked jurisdiction of the person. The Galloway petition prayed for affirmative relief and requested that the McAllister and Galloway petitions be heard concurrently to decide the issues involved. Under the circumstances, conflicting issues having been raised, the clerk of the court would not have the right to enter a dismissal.

In support of appellant's contention that the filing of the authorization to dismiss the McAllister petition divested the superior court of jurisdiction, several cases are cited, notably *Estate of Cook,* 205 Cal. 581 [271 P. 1083], and *Estate of Knauft,* 59 Cal.App. 536 [211 P. 29]. These cases are disposed of by *Estate of Raymond,* 38 Cal.App.2d 305 [100 P.2d 1085], which involved the probate of a will contest rather than proceedings for the appointment of a guardian. In that case it was held that a proponent may not withdraw his personal interest in a will in such manner as to cause the proceedings to fail. It is pointed out that other parties have an interest which may not be denied by the desire of the proponent of the will. While based upon different provisions of the code, the rule is logically applicable to the facts in this case. In reference to the two cases cited by appellant herein, the court said (pp. 307-308) : ''The decisions in *Estate of Cook,* 205 Cal. 581 [271 P. 1083], and *Estate of Knauft,* 59 Cal.App. 536 [211 P. 29], relied upon by appellant, are not determinative of the issue. In both of these cases contests had been filed and the contestants, who were in the position of plaintiffs, obtained dismissals of their contests, not under subdivision 1 of section 581, but under subdivision 4 of this section by directing motions to the court.''

Appellant asserts that Galloway should be forced to proceed in a separate action. If this rule should be followed it might result in a multiplicity of actions. Separate petitions were filed and afterward heard at the same time in the guardianship of Josephine H. Crocker. (*In re Crocker,* 174 Cal. 660 [163 P. 1015].) No particular point is made of this procedure. It is not discussed as an unsettled issue but merely

mentioned in the opinion. The court was content to state that "The only duty of the court is to select a proper person for a guardian." Probate Code, section 1461, provides for the hearing of a petition and all opposition thereto by relatives or friends. When opposition appears the court issues a citation and sets the matter for hearing.

The probate court retained jurisdiction in every respect conferred by the filing of the McAllister petition. The court was not bound to appoint McAllister but could have named any person, persons or bank as guardian of the estate if it appeared to the court to be in the best interest of the incompetent. (*Matter of Coburn,* 165 Cal. 202 [131 P. 352]; *Guardianship of Sullivan,* 143 Cal. 462 [77 P. 153]; *Estate of Schulmeyer,* 171 Cal. 340; [153 P. 233]; *Estate of Espinosa,* 179 Cal. 189 [175 P. 896]; *Sullivan* v. *Dunne,* 198 Cal. 183 [244 P. 343].) Such an order could have been made whether the Galloway petition was or was not filed if it was for the best interest of the incompetent.

The Galloway petition was not verified. As the court retained jurisdiction, it is unnecessary to consider appellant's argument or the early citation *In re Bundy,* 44 Cal.App. 466 [186 P. 811], that the presentation of this unverified petition left the court without jurisdiction to proceed. In *Board of Education* v. *Mulcahy,* 50 Cal.App.2d 418, 423 [123 P.2d 114], the court stated: "While it is true that in certain actions, such as to quiet title, and practically all special proceedings, the law requires the complaint or petition to be verified, it is the established rule that failure to do so constitutes only a defect in pleading not affecting the jurisdiction of the court, and which may be cured by amendment. (*Security T. & S. Bk.* v. *Fidelity & D. Co.,* 184 Cal. 173 [193 P. 102]; *Canadian Bank of Commerce* v. *Leale,* 14 Cal.App. 307 [111 P. 759].)" See, also, *Mullane* v. *Industrial Acc. Com.,* 118 Cal. App. 283 [5 P.2d 483].

It would be futile to reverse the order appointing the respective guardians on this appeal. No claim is presented that an improper selection was made by the trial court. If Dr. Lyle is now competent, the superior court may make an appropriate order if presented with a petition for restoration to capacity. (Prob. Code, §§ 1470-1472.)

This appeal is on the judgment roll and none of the evidence relating to the competency or incompetency of Dr. Lyle is before this court.

The orders and each of them made and entered on the 11th day of December, 1945, appointing a guardian of the person and a guardian of the estate of Annie Galloway Lyle, and directing the issuance of letters of guardianship in the respective matters, are hereby affirmed.

Peters, P. J., and Schottky, J. pro tem., concurred.