[Civ. No. 22643.   Second Dist., Div. Two.   Jan. 15, 1958.]

Estate of HOWARD DOUGLAS STAINER, an Incompetent Person.   HOWARD DOUGLAS STAINER et al., Appellants, v. JAMES H. BRITTON, as Guardian, etc., Respondent.

Obegi & High for Appellants.

Roland Maxwell, Paul H. Marston and Richard W. Olson for Respondent.

ASHBURN, J.—Howard Douglas Stainer and Beulah Stainer, his wife, have appealed from an order denying petition for restoration of Howard Douglas Stainer to capacity and appointing Dr. James H. Britton as guardian of his estate. Appellants apparently proceed in the hope that a reviewing court will reweigh the evidence and decide it in their favor. This is distinctly a fact case.

Howard Douglas Stainer (hereinafter designated as appellant) is a confirmed alcoholic. He was committed to Camarillo State Hospital for that reason, remained there three months, was discharged and was at liberty for some two years. But he drank himself back into Camarillo a second time. On July 20, 1956, Dr. Britton was appointed guardian of his person. ■ On November 28, 1956, the superintendent and medical director of Camarillo issued a certificate of recovery to the effect that appellant "has been discharged from the hospital and is sane, recovered and restored to reason." Under section 40 of the Civil Code this certificate established "the presumption of legal capacity in such person from the time of such discharge."

■ Appellant was in court at the hearing of the petition for restoration but did not take the witness stand. At that time he had been out of Camarillo two months. His wife testified that he had improved greatly, was not drinking and had no desire to do so; that he is firm in his decisions and, in effect, that he is competent to handle his own affairs. On the contrary, Dr. Britton, who is a medical internist and well acquainted with appellant, testified without objection that appellant is immature, a confirmed alcoholic, probably deteriorated mentally and apt to be deceived or imposed upon by artful and designing persons. He also gave substantial factual support for this opinion. Dr. Robert M. Hodges, psychiatrist, testified that in his opinion appellant was so dependent upon other persons and suffering from such deep seated anxiety that he would be unable to handle his property without assistance; that any situation which threatened his security would arouse a blocking degree of anxiety in his mind precluding any sound decision requiring judgment.

The record shows that shortly before the hearing appellant had become the distributee of a trust of which his share would amount to some $120,000. ■ The evidence indicated that the wife (who had applied for her own appointment as guardian of the estate in the event that the court determined guardianship appropriate) would not be a proper guardian because, as one of the experts testified, appellant would always

be an alcoholic and she had found it necessary in the past to supply him with alcohol in order to be able to live with him at all. There is of course no right of a wife to preference similar to that which prevails with respect to the guardianship of a minor in certain cases (Prob. Code, §§ 1406, 1407). See *Matter of Coburn,* 165 Cal. 202, 218 [131 P. 352]; *In re Crocker,* 174 Cal. 660, 662 [163 P. 1015]. Dr. Britton was placed under a bond of $120,000 surety or $240,000 personal.

There is no basis for a claim of abuse of discretion in this case.

Order affirmed.

Fox, Acting P. J., and Kincaid, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.